## Doyle v. Maryland Casualty Company.

. (Decided March 2, 1916.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Number Three).

1. Insurance—Construction of Contract—Intention of Parties.—An insurance contract, like other contracts, should be given a reasonable construction, so as to give effect to the apparent intention of the parties; not at variance with the clear meaning of the language employed.

2. Insurance—Construction of Contract.—An accident insurance policy containing a clause stating that the policy covers death and disability from blood poisoning resulting from an accident construed and held to cover same subject to the terms, limits and conditions of the policy, with reference to accidents.

HITE H. HUFFAKER and STRAUS, LEE & KRIEGER for appellant.

BARRET, ALLEN & ATTKISSON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This appeal involves the construction of an accident insurance policy issued to Dr. Howard S. Doyle by the appellee, wherein appellant is named as beneficiary, and involves precisely the same facts as were involved in the case of Mary R. Doyle v. New Jersey Fidelity & Plate Glass Insurance Co., decided this day by this court, and not only are the facts the same in both cases, but the questions of law are also the same, except that in the policy now before us there is one clause involved not found in the other policy. That additional clause is as follows:

"Indemnity for Freezing, Hydrophobia, Septicaemia, Gas or Poison.

"6. Subject to its terms, limits and conditions this policy covers the assured in the event of death or disability due to freezing, hydrophobia, gas or poison (suicide, sane or insane, or any attempt thereat, not included); likewise in event of death or disability from septicaemia, or blood poisoning, due directly to a bodily injury sustained while this policy is in force."

And the clauses in this policy similar to those construed in the New Jersey Fidelity & Plate Glass Insurance Company case are as follows:

"Accident Benefits.

"Schedule of Indemnities for Death, Dismemberment or Loss of Sight.

"1. (a) If such injuries shall, independently and exclusively of all other causes, continuously and wholly disable and prevent the assured from the date of accident from performing any and every kind of duty pertaining to his occupation, and during the period of such continuous disability, shall independently and exclusively of all other causes result in any one of the losses specified in this section (1), the company will pay the sum set opposite such loss, and in addition weekly indemnity as provided for herein to date of death, dismemberment or loss of sight, as the case may be;

"(b) Or, if within ninety days from the date of accident, irrespective of total disability, such injuries shall, independently and exclusively of all other causes, result in any one of the losses specified in this section (1), the company will pay the sum set opposite such loss."

Appellant, in addition to the grounds urged in the New Jersey Fidelity & Plate Glass Insurance Company case, is insisting, as a reason for reversal in the present case, that section six should be construed separate and apart from clauses (a) and (b) of section one, as a distinct indemnity afforded by this policy, and as though the latter part of said section six reads as follows:

"Likewise this policy covers the assured in event of death or disability from septicaemia or blood poisoning due directly to a bodily injury sustained while this policy is in force."

The appellee contends that this latter part of section six was meant to read and should be construed as though written thus:

"Likewise subject to its terms, limits and conditions this policy covers the assured in event of death or disability from septicaemia or blood poisoning due directly to a bodily injury sustained while this policy is in force."

While we are convinced that the construction sought by appellant is shown to be untenable by a mere reading of the policy, still since her counsel argue earnestly in an elaborate and well prepared brief that this is the correct construction, we will consider said section six from the following points of view: (1) The express meaning of the words used; (2) the relation of this section to other parts of the policy, and (3) the results of the construction urged by appellant.

1. *The express meaning of the words used.*

It will first be noticed that clause six contains but one entire sentence, and that the latter portion thereof referring to blood poisoning begins with the word "likewise," separated from the preceding part of the sentence by a semicolon.

We do not think it can be seriously contended that the word "likewise" is used here except as a conjunction, and that giving it its ordinary meaning as a conjunction makes the policy cover death or disability from blood poisoning resulting from a bodily injury in the same manner that it covers death or disability due to freezing, etc., that is "subject to its terms, limits and conditions." Moreover this clause is manifestly a statement of an agreed construction rather than a separate and additional promise, since it states simply that the policy "covers" blood poisoning, etc., and does not pretend to do anything else with reference thereto. It seems

to us that the express meaning of the words used in this clause clearly refutes the construction contended for by appellant, and demands that claimed for them by appellee.

Nor in our judgment does this construction violate any of the rules of construction presented by counsel for appellant, all of which have been accepted by the courts and text writers, and are approved by us; and we are fully aware of the fact that this policy without this clause would have been construed to cover blood poisoning even if this clause had not been inserted in the policy. . Neither do we think that its insertion can be said to be a fraud or evidence of bad faith upon the part of the company, but believe rather that its insertion was justified for the purpose of committing the company to the construction usually placed upon such policies by the courts, and to satisfy the insured that this company would not resort to the courts in a contest of its liability upon this ground, as was constantly being done by companies whose policies did not contain this provision; and that for that very reason the insertion of the clause may fairly be said to give an added meaning to the policy under our construction without necessitating the construction claimed by appellant.

2.   *The relation of section six to other parts of the policy.*

It is appellant's contention that even if this section is construed as claimed by appellees that it refers to sections 13 to 24, inclusive, and not to section one of the policy, while appellee claims that it refers to section one and sections 13 to 24.   As both parties agree that it refers to sections 13 to 24, it will not be necessary to consider its relation except to section one.

This policy is called ''Universal Disability Policy,'' and provides ''accident benefits,'' ''illness benefits'' and ''indemnities for injuries to the beneficiary;'' and is so drawn that the several sections referring to each of these different classes of insurance are grouped together under appropriate headings.

Sections one to six, inclusive, are under the general heading of ''Accident Benefits,'' so that from the arrangement and position of the several clauses in the policy these first six sections are shown to refer to and be parts of the conditions under which benefits are payable for accidents to the insured as distinguished from sick benefits and indemnities for accidents to the bene-

ficiaries, which are covered by other sections of the policy not involved here. From which it is apparent that death and disabilities resulting from blood poisoning and other causes mentioned in section six are considered as resulting from an accident rather than an illness. This arrangement of the policy being in accord with the clear meaning of language in sections one to six, inclusive, we conclude that the words "subject to its terms, limits and conditions" as used in section six refer to the terms, limits and conditions of the policy in reference to accident benefits which are stated only in section one, and to the sections applicable to all classes of insurance alike, which sections are 13 to 24, inclusive.

3. *Results of the construction urged by appellant.*

If the construction contended for by her counsel is correct, appellant could recover under section six even though the disability of the decedent was neither continuous nor total, and without regard to how long after the accident death resulted; in fact, the beneficiary under such a policy would be entitled to recover upon proof of but three facts, namely: (1) That the death resulted to the insured, (2) from blood poisoning, (3) produced by an accident incurred during the life of the policy; and it would result that by such a contract the parties are held to have intended to and did agree that if death resulted after ninety days and within two hundred weeks of the accident the disability preceding death must be continuous and entire, unless death was occasioned by blood poisoning resulting from the accident, in which event the company would be liable without regard to whether the disability had been continuous or entire, or in fact whether there had been any disability, and without regard to how long after the accident death occurred; that death might be deferred from the time of the accident one month, one year, ten years or any length of time, and the company would still be liable therefor.

And while under such a construction the company would be liable under conditions certainly never contemplated, upon the other hand the insured would be denied by the same construction the accumulations payable under the policy which, each year for ten years, increased the indemnities under the several classes of insurance, and could recover no principal sum whatever if the blood poisoning should result in the loss of both hands or both feet, thereby absolving the company from

liability under conditions manifestly contemplated to create a liability. The construction contended for by appellant would distort the policy, and render it wholly ineffective in many respects, and besides would be in violation not only of the express meaning of the words used in this clause, but would be in violation as well of the fundamental rule requiring a reasonable interpretation of all the parts so as to give effect to the apparent intention of the parties not at variance with the clear meaning of the language employed. Such a construction would be unreasonable, strained and unwarranted.

Having reached this conclusion, it results that the policy here was not different in effect from the policy in the New Jersey Fidelity & Plate Glass Insurance Company case, and the facts being the same, that a peremptory instruction was correctly given, for the reasons stated in the New Jersey Fidelity & Plate Glass Insurance Company case.

Wherefore the judgment is affirmed.