[No. 20270.  Department One.  April 4, 1927.]

GLENE B. LAVENDER, *as Administrator of the Estate of Marcus Clay Lavender, Deceased, Appellant,* v. CONTINENTAL LIFE INSURANCE COMPANY, *Respondent.*[1]

[1] INSURANCE (128)—ACCIDENT INSURANCE—CAUSE OF DEATH— EXTERNAL, VIOLENT AND ACCIDENTAL MEANS—CONSTRUCTION OF POLICY. An accident policy insuring against accidental death or injuries caused by the wrecking or disabling of any private automobile, motor driven car or horse drawn vehicle in which the insured is riding or driving "or by being accidentally thrown from such automobile, car or vehicle," does not cover a death where the deceased was steadying a heavy motor loaded on a farm wagon, which was being backed towards a barn door, when he lost his balance and fell from the wagon, the motor falling upon him and crushing his skull.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered May 25, 1926, upon findings in favor of the defendant, in an action upon a policy of accident insurance. Affirmed.

*A. G. Starkey* and *B. C. Mosby,* for appellant.

*Voorhees & Canfield,* for respondent.

FRENCH, J.—The appellant as administrator seeks to recover upon an accident insurance policy issued upon the life of the deceased, Marcus Clay Lavender. At the close of the plaintiff's testimony, judgment was entered for the defendant, and this appeal was taken.

The facts do not seem to be seriously in dispute, and may be briefly summarized as follows:

The Spokesman-Review, one of the large newspapers of the state, had issued to such of its readers as were willing to pay a small consideration therefor,

'Reported in 253 Pac. 595.

a limited policy of accident insurance, the policy insuring, among other things,

". . . against death or disability resulting directly, independently and exclusively of all other causes, from bodily injuries effected solely through external, violent and accidental means and sustained by the insured, . . . by the wrecking or disablement of any private automobile, motor driven car or horsedrawn vehicle in which the insured is riding or driving, or by being accidentally thrown from such automobile, car or vehicle."

The deceased and his son were moving a heavy motor from a combined harvester, the motor weighing approximately one thousand pounds. It stood on three legs about eighteen inches high, had been loaded into a farm wagon, and the deceased was holding onto the motor to steady it while the wagon was backed towards the door of the barn. The wagon wheels dropped into a slight depression, and the deceased, in trying to keep the motor from tipping, lost his balance and fell, or was thrown, from the wagon. The motor fell on top of him and crushed his skull. The question involved in this case is whether or not such an accident is covered by the terms of the policy.

[1] We think the rule is well established that under a policy such as this, the plaintiff must establish that the act named in the policy and insured against was the efficient cause of death. This view is supported by the following cases: *Ploe v. International Indemnity Co.*, 128 Wash 480, 223 Pac. 327, 35 A. L. R. 999; *Rathman v. New Amsterdam Casualty Co.*, 186 Mich. 115, 152 N. W. 983, Ann. Cas. 1917 C, 459; *Hubbard v. Travelers Insurance Co.*, 98 Fed. 932; *Modern Woodman Accident Ass'n. v. Shryock*, 54 Neb. 250, 74 N. W. 607, 30 L. R. A. 826; *Stanton v. Travelers' Insurance Co.*, 83 Conn. 708, 78 Atl. 317, 34 L. R. A. (N.S.) 445.

In the case of *Rorabaugh v. Great Eastern Casualty Co.*, 117 Wash. 7, 200 Pac. 587, this court again adopted and quoted from the case of *White v. Standard Life & Accident Insurance Co.*, 95 Minn. 77, 103 N. W. 735, saying:

"The concensus of judicial opinion is that, subject to the exceptions contained in the policy, if the injury is the proximate cause of death the company is liable, but if an injury and an existing bodily disease or infirmity concur and cooperate to that end, no liability exists. If, however, the injury be the cause of the infirmity or disease—if the disease rests in and springs from the injury—the company is liable, though both cooperate in causing death."

It is apparent to us from the testimony in this case that the death of deceased did not result from falling from or being thrown from the wagon, but did result directly from the fact that the heavy motor fell upon him and crushed his skull.

The judgment of the lower court was right and it is therefore affirmed.

MACKINTOSH, C. J., MAIN, MITCHELL, and FULLERTON, JJ., concur.