[No. 20929.   Department Two.   February 29, 1928.]

JOHN B. WRIGHT, *as Administrator, Appellant,* v. CONTINENTAL LIFE INSURANCE COMPANY, *Respondent.*[1]

[1] INSURANCE (128) — ACCIDENT INSURANCE—CAUSE OF DEATH— "THROWN FROM." A limited accident policy against death occasioned by being accidently "thrown from" an automobile, does not cover a death where the deceased, while riding in a truck, was killed when his head was struck by an upright of a bridge through which the truck was being driven, he not being thrown from the car.

Appeal from a judgment of the superior court for King county, Frater, J., entered June 25, 1927, in favor of the defendant, notwithstanding the verdict of a jury in favor of the plaintiff, in an action upon a policy of accident insurance. Affirmed.

*Robert A. Devers,* for appellant.

*Roberts & Skeel* and *W. J. Truscott,* for respondent.

MACKINTOSH, C. J.—Richard T. Sandgren, in his lifetime, purchased for one dollar a policy of accident insurance in the respondent company. Across the face of the policy in red letters appeared this warranty:

[1]Reported in 264 Pac. 410.

"This is a Limited Policy." This statement represented truthfully the character of the insurance issued.

Among the provisions was one that death occasioned "by being accidentally thrown from" an automobile would be compensated for.

The testimony in the case showed that Sandgren, while a passenger in an auto truck, was killed by having his head come in contact with an upright of a bridge through which the truck was being driven.

The trial court entered judgment notwithstanding the verdict of a jury upon the ground that the death did not result from being "accidentally thrown from" the vehicle.

[1] A reading of the testimony compels us to reach the same conclusion as was reached by the trial court, for it shows that, at no time, was Sandgren's body out of the truck; that the driver made a quick swerve to avoid hitting the girders of the bridge, which was considerably narrower than the highway approaching it; that the truck came so near to the structure of the bridge that Sandgren's head struck an upright, causing his death; and that all the time his body was within the truck, which was not stopped from the time of the accident until a doctor was reached.

In considering a policy similar to the one here involved, this court, in *Lavender v. Continental Life Insurance Co.*, 143 Wash. 201, 253 Pac. 595, stated the rule to be, in such cases, that the act named in the policy and insured against must be established as the efficient cause of the death. Here there can be no question that the deceased did not come to his death by being accidentally thrown from an automobile. The authorities cited by the appellant, on the assumption that the language of the policy is subject to construction, are not in point in the instant case, for the reason that

there is no ambiguity in that language, and giving the language its usual meaning, it is impossible to allow a recovery for a death occasioned by a collision where the policy only provides for payment for a death caused by being "thrown from" an automobile.

This policy, issued for a minimum premium, expressly limits the right of recovery within very narrow bounds, and the accident here not coming within those bounds, the judgment of the trial court must be and is affirmed.

ASKREN, MAIN, FULLERTON, and HOLCOMB, JJ., concur.