Continental Life Insurance Company, Appellant, v. Martha L. Connole, Administratrix of the Estate of Patrick Garrity, Deceased, Appellee.

Opinion filed June 4, 1931,

CHARLES G. REVELLE and THOMAS P. MOORE, for appellant.

PHILIP G. LISTEMAN, for appellee; KEEFE & LISTE-MAN, of counsel.

MR. JUSTICE FULTON delivered the opinion of the court.

Appellee, as the administratrix of the estate of Patrick Garrity, deceased, brought suit upon an accident insurance policy to recover for the accidental death of Patrick Garrity.

The declaration consisted of one count and set forth the insurance policy *in haec verba*. The policy undertook to insure the deceased against "death or disability" resulting directly, independently and exclusively of all other causes from bodily injuries effected solely through external, violent and accidental means and sustained by the insured in the following manner:

"Part One (c). By the wrecking or disabling of any private horse-drawn vehicle or motor-driven car in which the insured is riding or driving, or by being accidentally thrown from such vehicle or car."

The declaration further charged that the "said Patrick Garrity, insured, came to his death directly, independently and exclusively of all other causes as a result of bodily injuries effected solely through external, violent and accidental means, to wit, that while he was riding on a private horse-drawn vehicle his head came in contact with a beam or other solid structure under which the said wagon was being driven, and he was jerked, pulled and thrown from said wagon in such a manner that he received injuries causing his death."

It was stipulated by the parties that the policy was in full force and effect at the time of the accident; that proof of death was made by the plaintiff within the

time fixed by the policy and that decedent came to his death as the result of an external, bodily injury effected solely through external violence and external means.

The testimony was short and simple and there is no dispute as to the facts. The evidence of two eye-witnesses shows that the deceased, Patrick Garrity, met his death while driving a wagon belonging to the National Stockyards Company of East St. Louis down a driveway or alley, over which there were rafters or beams supporting a dock or runway for the use of stock. Garrity was riding on the foot rest of the wagon, because in passing under the runway the top of the wagon came very close to the rafters or beams, and it was customary for the drivers of these wagons to duck their heads in avoiding the beam as they passed under. As the deceased drove under the dock, his head in some manner struck the beam and he was caught between the beam and the top of the wagon, thereby crushing his skull and inflicting other injuries from which he died in a very short time. The horses almost immediately stopped and the two witnesses who saw the accident rushed to the spot and while one of them backed up the horses so as to release the body of the insured, the other climbed upon the wagon and helped to lift the body down. Insured was either dead or dying at that time. The witness nearest the wagon states that decedent when caught between the beam and the top of the wagon was lifted 10 or 12 inches off from the seat and was hanging in a reclining position, with his legs dangling against the front of the footboard. When the horses were backed up the body slid back onto the foot rest in a sitting position.

At the conclusion of the plaintiff's evidence, and again at the conclusion of all the evidence, the defendant offered written motions for a directed verdict, which motions were denied by the trial court.

The trial resulted in a verdict and judgment in favor of the plaintiff for $2,800, and interest, from which judgment this appeal has been taken to this court.

It is urged by appellant that the judgment is not supported by any evidence legally tending to show that the insured met his death from "being accidentally thrown from" the wagon in which he was riding. On the other hand plaintiff contends that the uncontradicted proof shows that the body of insured was pulled, jerked and removed from the place on which it was resting prior to the accident."

The language of the witness Dickhaus was that when insured's head, struck the beam "he was raised off the seat, to a certain extent, pulled off." When asked how high he was pulled off the seat the witness said, "Not far," and later "10 or 12 inches, I guess he was raised."

It seems clear to us that the deceased did not come to his death from being accidentally thrown from the wagon, but because his head came in contact with the beam which caught and crushed his head between the beam and the top of the wagon. While plaintiff makes light of the cases of *Lavender v. Continental Life Ins. Co.*, 143 Wash. 201, 253 Pac. 595, and *Wright v. Continental Life Ins. Co.*, 146 Wash. 665, 264 Pac. 410, we believe the facts and the law contained in those cases are applicable to facts and the law of this case.

For the reasons above stated, it is the judgment of this court that the trial court should have directed a verdict for the defendant at the close of the plaintiff's evidence, and the judgment of that court will be reversed, with instructions to the clerk to include the following finding of fact in the judgment, viz.: The court finds that the insured was not killed by any cause for which he was insured.

*Reversed with finding of fact.*