## Brotherhood of Railroad Trainmen v. Wilkins.

(Decided Jan. 15, 1935.)

332

W. A. BERRY for appellant.

WHEELER, WHEELER & SHELBOURNE for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Reversing.

The Brotherhood of Railroad Trainmen is appealing from a judgment for $5,000 which George W. Wilkins recovered against it under a beneficiary certificate designated as No. G 17045. Appellant is a voluntary, unincorporated, fraternal association, which, in addition to the fraternal activities, operates an insurance department under authority and in accordance with the laws of the state of Ohio, maintaining its principal offices in the city of Cleveland in that state.

The certificate on which appellee bases his action was issued on September 1, 1928, while he was employed by the Wabash Railroad Company as a brakeman, and was in full force and effect in 1933, when, acting in the course of his employment as such brakeman, he accidentally suffered an injury whereby all the fingers of his left hand were so completely crushed and mangled as to necessitate their amputation at or near their junction with the metacarpus or hand proper. Thereafter, he made proof of his injury and claim for the principal amount of the certificate under the disability benefit provision thereof. Upon appellant's refusal to allow his claim, he instituted this action setting up the foregoing facts, and further alleging that at the time he sustained the injuries complained of he was 49 years of age and had been engaged in working as a trainman for many years; that by reason of lack of education and training he was unsuited for mental or clerical work or any work other than that in which he was engaged; that as a result of his injuries, he was and is totally and permanently disabled and wholly incapacitated from performing any of the substantial duties of

that occupation or any other gainful occupation; that as a result of his injuries he has entirely lost the use of his hand; that in June, 1933, he made application to appellant for transfer and exchange of his certificate for what is known as an individual reserve certificate on the yearly renewal term plan with disability benefit; that the application for such transfer and exchange was made with the express understanding that his claim on account of total and permanent disability, which had theretofore been made, would not be affected by such transfer and exchange.

By answer appellant traversed the allegations of the petition, but admitted that it had finally denied liability to appellee because of his injury. In a second paragraph, appellant pleaded and relied on the provisions of the application for transfer and exchange of the certificate to the effect that the issuance of the certificate in compliance with the request in the application should cancel any beneficiary certificate then held by the applicant and operate as a release and discharge of appellant from any liability on account thereof. The answer further alleged that each certificate or policy issued to appellee by express provision makes the constitution and by-laws or rules of the brotherhood a part of the policy contract, and sets out at length section 68 of the constitution of the organization relating to disability benefits, and alleges that the disability complained of in appellee's petition did not come within the purview of such section or of the policy or certificate contract. It was further alleged that appellee was claiming under sections 70 and 71 of the constitution, and that the former provides that all claims for disability not coming within the purview of section 68 should be deemed addressed to the benevolence of the brotherhood and in no event should be the basis for legal action; that section 65 of the constitution provides that any beneficiary certificate should be deemed to be made under and to be interpreted and construed in accordance with the laws of the state in which the grand lodge has its headquarters.

A reply denying the affirmative allegations of the answer completed the issues.

The lower court's failure to sustain a motion for a peremptory instruction in favor of appellant is the main ground relied on for reversal, and the conclusion

we have reached concerning this ground obviates the necessity of considering any others. That the constitution and by-laws of appellant are made a part of the insurance policy or certificate contract is not called in question.

Section 68 of the constitution provides:

"Any beneficiary member in good standing who shall suffer the amputation or severance of an entire hand at or above the wrist joint, or who shall suffer the amputation or severance of an entire foot at or above the ankle joint, or who shall suffer the complete and permanent loss of sight of both eyes, or upon becoming seventy years of age, shall be considered totally and permanently disabled, but not otherwise, and shall thereby be entitled to receive, upon furnishing sufficient and satisfactory proofs of such total and permanent disability, the full amount of his beneficiary certificate."

As shown by pleading and proof, appellee has lost all the fingers of his left hand except possibly some fleshy stubs. It is argued by counsel for appellant that under the plain, express provisions of the contract, appellee is not entitled to the disability benefits thereof because he has not suffered a severance of the entire hand at or above the wrist. On the other hand, it is argued in effect by counsel for appellee that notwithstanding the provisions of the by-laws pleaded by appellant respecting the interpretation of the provisions of the contract under the laws of the state of Ohio, this court will, because of insufficient or any pleading or proof to the contrary, presume that the unwritten or common law of that state is the same as the law of Kentucky and will determine the cause in the light of the laws of this state; and that under the definition or interpretation given by this court to the term "total disability" as used in insurance contracts, appellee under the pleading and proof is entitled to recovery and the judgment should be affirmed.

The constitution and by-laws of appellant were introduced and made a part of the evidence, but by oversight have not been transmitted with the record; however, there is no disagreement between the parties as to the pertinent provisions thereof. Counsel for appellee quotes from the cover of a pamphlet containing the constitution and by-laws a statement giving some of the

history of the organization and a reference to its insurance department, the pertinent part of which reads:

> "Its insurance department is surrounded by all necessary safeguards, thus assuring its members of payment of all just claims presented, against it. Every beneficiary member is insured against total permanent disability and death * * *."

It is argued that having thus prominently featured protection in the event of total disability, the meaning of the quoted excerpt from the cover of the constitution and by-laws cannot be taken away by the provisions of section 68 or any other obscure rule contained in the constitution which the insured would not likely see until invoked to defeat his claim. However, this argument overlooks a provision at the outset of the certificate which is the basis of the action, to the effect that:

> "* * * insured * * * is entitled to all the rights, privileges and benefits of membership, and to participate in the beneficiary department of class G of said Brotherhood to the amount set forth in the constitution, thereof which amount in the event of his total and permanent disability, as defined in Section No. 68 of the Constitution, shall be paid to him * * *."

An insurance contract, like any other contract, fixes, defines, and measures the rights of the parties thereto. Haselden v. Home Insurance Co. of N. Y., 247 Ky. 530, 57 S. W. (2d) 459. Such contracts require a reasonable interpretation as a whole so as to effectually carry out the intention of the parties within the clear meaning of the terms employed. Doyle v. Maryland Casualty Co., 168 Ky. 795, 182 S. W. 946. If the terms employed in a policy contract are so ambiguous or uncertain as to admit of two interpretations, it will be construed strictly against the insurer and liberally in favor of the insured and that interpretation adopted which will protect the former in preference to that which will defeat his claim. General Accident, Fire & Life Insurance Corporation v. Louisville Home Telephone Co., 175 Ky. 96, 193 S. W. 1031, L. R. A. 1917D, 952; Ætna Life Insurance Co. v. Bethel, 140 Ky. 609, 131 S. W. 523; Mutual Benefit Life Insurance Co. v. Dunn, 106 Ky. 591, 51 S. W. 20, 21 Ky. Law Rep. 213. However, the foregoing rules do not authorize courts to disregard plain, unambiguous, and easily understood terms or provisions of a contract ex-

empting the insurer from liability under certain conditions. Interstate Business Men's Accident Association v. Atkinson, 165 Ky. 532, 177 S. W. 254, L. R. A. 1915E, 656. Courts cannot under the rule of liberal construction make new or different contracts enlarging or diminishing the rights and liabilities of the parties where the meaning of the language employed to define or limit such rights or liabilities is obvious. Inter-Southern Life Insurance Co. v. Foster, 248 Ky. 481, 58 S. W. (2d) 668; Equitable Life Assurance Society v. Hall, 253 Ky. 450, 69 S. W. (2d) 977; Fowler v. Brotherhood of Railroad Trainmen, 253 Ky. 786, 70 S. W. (2d) 669, 671.

In the latter case insured was seeking to recover under a certificate similar in its provisions to the one here. Insured had not only lost all the fingers of one of his hands, but had, according to his pleading, lost the major portion of the hand between the fingers and wrist joint, and alleged that by reason of such injuries he had lost the use of the whole hand and of his right arm; that the injuries sustained were equivalent to or greater than the severance of the hand at or above the wrist; that he was therefore entitled to receive benefits for amputation or severance of his hand at or above the wrist joint. The lower court sustained a demurrer to and dismissed his petition, and on appeal this court, after an exhaustive review of authorities, held that appellee was not entitled to recover because there was not a severance or amputation of the hand at or above the wrist joint, and concerning the effect to be given section 68 of the constitution of the brotherhood, supra, said:

"It is our view that the language used in the policy is plain and unambiguous. The language employed could not be construed to mean that the appellee insured appellant against the loss of the use of the hand without the loss of the hand by physical severance or amputation 'at or above the wrist joint.' It does not insure against disability to earn money or to pursue any particular occupation."

In the case of Brotherhood of Railroad Trainmen v. Taylor, 256 Ky. 556, 76 S. W. (2d) 611, 612, decided November 30, 1934, the insured recovered judgment for $5,000 for total disability alleged to have resulted from the permanent loss of sight of both eyes within the meaning of section 68 of the constitution of the brotherhood. The petition, however, merely averred that insured "* * * had become totally and permanently com-

mercially blind, having lost permanently the sight of both eyes to such an extent as that he could not distinguish color or perform any of his duties as a brakeman. * * *'' The court overruled a demurrer to the petition. Prior to the institution of an action, Taylor made application for allowance of a "benevolent" claim under sections 70 and 71 of the constitution of the brotherhood, accompanied by a statement or certificate of a physician and his own affidavit. According to the statement of the doctor, insured was suffering with a very great impairment of the eyesight and the affidavit showed that he was suffering from defective eyesight. The proof also related to other disabilities. In reversing the judgment of the lower court, it was held that in seeking recovery, insured was confined to the provisions of section 68 of the constitution, supra, and that the grounds for recovery contained in the petition fell far short of measuring up to the requirements of the language of that section; that the petition was also defective in failing to allege proper proof of claim, followed by rejection, before filing the petition as specifically required by the constitution. The opinion, after setting out the quoted excerpt in the Fowler Case, supra, continuing says:

"If that conclusion was supported by the facts of that case, and about which we entertain no doubt, then there can be no escape from a like one in this case that plaintiff's impaired vision, as described in his application and also in his petition, utterly failed to measure up to the stipulations and terms of his contract [section 68, supra] so as to entitle him to recover for such diminution under the provisions of that section, which is the only right attempted or could be asserted under his certificate."

When appellee accepted the insurance certificate, he accepted it with all its conditions and restrictions. The two recent cases construing section 68 of the constitution, supra, are conclusive and clearly indicate that the lower court erred in not directing a verdict for appellant.

For the reasons indicated, the judgment is reversed, and cause remanded for a new trial and proceedings consistent with this opinion.