## FOSTER v. NORTH AMERICAN ACC. INS. CO.

### No. 2822.

Court of Civil Appeals of Texas. Beaumont.

Sept. 30, 1935.

W. A. Combs, of Houston, for appellant.

Baker, Botts, Andrews & Wharton, of Houston, for appellee.

COMBS, Justice.

This suit was instituted by appellant, Marcellus E. Foster, on a policy of accident insurance issued to him by appellee,

North American Accident Insurance Company. The case was tried without a jury and upon an agreed statement of facts. It is not disputed that the policy was in full force and effect; that appellant received the accidental injuries alleged; and that he is entitled to the amount sued for, provided the injury was sustained in a manner insured against by the terms of the policy. Plaintiff was riding in an automobile when the same struck a depression or rough place in the street, throwing him against the top and seriously injuring him. However, the automobile in which he was riding was not wrecked or disabled, and appellee denies liability on the sole ground that under the terms of the policy such injury was insured against only in the event it resulted *by reason of the wrecking or disablement* of the automobile.

The clause of the policy relied upon insures against loss of time resulting from injuries received, "while riding within a private automobile or a private horse drawn vehicle of the exclusively pleasure type, provided that such automobile or vehicle is not being operated at the time while carrying passengers for hire, or transporting merchandise for a business purpose, and that such automobile is not being used for a criminal purpose or to escape the consequences of an illegal or criminal use or arrest by vested authority, and by reason of the wrecking or disablement of such automobile or vehicle." The trial court denied recovery, and the appellant has prosecuted this appeal.

We cannot agree with appellant's contention that the provision in question is ambiguous. True, it is clumsily worded and may not be clear and obvious in its meaning upon a casual reading, but on careful or critical examination it will be seen that the clause means, and can only mean, that the policy provides for indemnity for loss of time on account of accidental injuries received by reason of the wrecking or disablement of the automobile. This is made clear by omitting the qualifying phrases and clauses inserted between the opening phrase and the concluding portion, which would make it read to provide indemnity "while riding in a private automobile * * * and by reason of the wrecking or disablement of such automobile."

It may be true, as suggested by the appellant, that this provision, as well as the entire policy, was specially framed and designed by the insurance company for the purpose of enabling its "high-pressure salesmen" to market a policy, which appears to promise much but actually provides little in the way of coverage. We must confess that if such were the purpose of the framers of the policy, they appear to have made a good job of it. However, upon careful or critical reading, the provision in question presents no ambiguity or uncertainty in its language such as would enable a court to give it any other reasonable interpretation than that which we have given it, to wit, that the injuries insured against are such and only such as are received "by reason of the wrecking or disablement" of the automobile. And while it is a well-recognized rule of construction that insurance policies are to be construed most favorably to the insured, such rule obviously has application only where the contract is subject to more than one construction. As in other contracts, the parties to an insurance contract have the right and power, except where limited by law, to contract for what accidents and risks the insurer shall be liable. In the policy before us the premium provided to be paid is quite small in view of the maximum amount payable under the policy. As an actuarial proposition, the insurance must necessarily be circumscribed and should have been so understood by the insured. Intersouthern Life Ins. Co. v. Foster, 248 Ky. 481, 58 S.W.(2d) 668. In the purchase and sale of insurance, as in the barter and sale of goods and wares in the commercial marts, the purchaser can expect to get no more than he pays for. If insurance companies are to be required to so frame their policies as that the purchaser may easily understand just what he is getting in the way of coverage for his insurance dollar, it is a matter which addresses itself to the sound discretion of the lawmaking authority. It is not the function of courts to make contracts for the parties nor to protect the unwary purchaser of an insurance policy against his failure to read carefully and understand the extreme limitations of the protection afforded him by the terms of a cheap insurance policy.

The judgment is affirmed.