UNITED INSURANCE COMPANY OF AMERICA, Appellant,

v.

Gene E. GERSTLE, Appellee.

Court of Appeals of Kentucky.

Sept. 16, 1960.

Rehearing Denied Dec. 9, 1960.

Bullitt, Dawson & Tarrant, M. Brooks Senn, Louisville, for appellant.

William E. Scent, Louisville, for appellee.

PALMORE, Judge.

United Insurance Company of America moves for an appeal from a judgment entered against it on a jury verdict awarding the appellee, Gene E. Gerstle, recovery of $1,850 for hospital expenses and disability benefits under a group insurance policy covering the company's employees.

No brief has been submitted for appellee, and a review of the matter on its merits supports the inference that this omission tacitly concedes the correctness of appellant's position. See RCA 1.260.

Gerstle, a debit agent, had been in the employ of United for some six years prior to June 11 or June 14, 1956, at which time he was discharged. Immediately following the termination of this employment he went to work as a full-time insurance agent for Wabash Insurance Company and continued in that capacity until July 29, 1956, on which date he was hospitalized for treatment of a mental illness of manic depressive nature. It may be conceded that the onset of this disturbance occurred during the time of his service with United and was nearing the point of a breakdown at the time of his discharge in June of 1956, but there is no evidence that the performance of his duties had been impaired. The question in the case is whether United's policy covered the hospitalization and loss of time commencing on July 29, 1956, some six weeks later.

By its terms the policy's coverage ended with the termination of employment except in the event of "continuous disability" commencing during the employment. "Disability" was specifically limited to such time as the employee was "prevented from performing every duty of his employment as the result of accidental bodily injury, sickness or disease."

Since there was no evidence that Gerstle's illness prevented him from performing his duties with United, he was not suffering a "disability," as the term was limited and defined in the policy, at the time of his discharge by that company. Therefore, he did not come within the coverage that would thereafter have applied had the total disability commenced during that employment and continued to July 29, 1956. Appellant was entitled to a directed verdict and to a judgment notwithstanding the verdict, as duly requested. The court cannot disregard the plain, unambiguous language of the contract. United States Fidelity & Guaranty Co. v. Lairson, Ky.1954, 271 S.W.2d 897; Brotherhood of Railroad Trainmen v. Wilkins, 1935, 257 Ky. 331, 78 S.W.2d 6.

Motion for appeal sustained and the cause reversed with directions that a judgment be entered dismissing the action as to appellant.