No. 7529.

EBERWINE ET AL. *v.* COOK.

| 74 | 377 |
| 140 | 580 |

LANDLORD AND TENANT.—*Notice to Quit, when Unnecessary.*—Notice to quit is never necessary unless the relation of landlord and tenant subsists; and where one in possession repudiates the relation of tenant to his landlord, or of vendee to his vendor, if he enters under a contract of purchase and sets up a hostile claim to title, no demand of possession or notice to quit is necessary before suit.

From the Knox Circuit Court.

*F. W. Viehe* and *R. G. Evans*, for appellants.

*W. H. De Wolf*, *S. N. Chambers*, *G. G. Reily*, *W. C. Johnson* and *W. C. Niblack*, for appellee.

NEWCOMB, C.—This was an action by the appellee against the appellants, to recover certain real estate in the city of Vincennes. There were two trials below, each resulting in favor of the plaintiff. No question of law was reserved at the trial. The case comes here on the evidence alone.

The plaintiff below claimed title by deed from Matilda Daniels, her grandmother and the mother of the defendant, Eliza Eberwine. The latter claimed under an alleged parol contract and purchase from Matilda Daniels, and averred that she had performed her part of the contract, had been let into possession, and had made valuable improvements.

The evidence was conflicting, and the jury could have found either way without rendering their verdict obnoxious to the charge that it was not sustained by sufficient evidence. We can not, therefore, disturb the verdict on that ground.

It is claimed, however, that, conceding that the verdict must stand so far as it determines the ownership of the property in controversy, the evidence established the relation of landlord and tenant between the plaintiff and defendants, and that the latter were entitled to notice to quit before suit. The possession of the defendants was under a claim of ownership of the premises. They never acknowledged

themselves to be tenants of the plaintiff, nor did she claim that they were her tenants. Notice to quit is never "necessary unless the relation of landlord and tenant subsists. Thus, if one in possession repudiates the relation of tenant to his landlord, or of vendee to his vendor, if he enters under a contract of purchase and sets up a hostile claim to title, no demand of possession or notice to quit is necessary." 1 Washburn Real Property, 4th ed., p. 600.

The judgment of the circuit court should be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment below be, and it is hereby, in all things affirmed, at the cost of the appellants.