### SOROKA ET UX *v.* KNOTT.

[No. 13,512. Filed November 20, 1929. Rehearing denied January 29, 1930.]

*Green & Powers*, for appellants.
*Sheehan & Lyddick*, for appellee.

LOCKYEAR, J.—The facts are, in substance, as follows: —On a Sunday in December, 1925, appellants and appellee executed a written agreement in the following words and figures: "12, 1, 25. It is hereby agreed that Mr. and Mrs. William Soroka have leased the store, north lower flat and middle garage for a period of five years. Agreement that the lease be made out the same as former lease made out to Mr. Hagel, with exception that he is to take care of heating plant. Signed, Mrs. M. F. Soroka, Wm. Soroka, Mrs. J. Knott"; the Mr. Hagel mentioned in the memorandum was Jacob Hagel,

who was occupying the premises under a five-year written lease executed September 1, 1925, and was conducting a general grocery store and meat market in said premises and occupying a part thereof as a residence and a garage; appellants had bought the stock of merchandise and fixtures from Hagel and were desirous of renting the premises from appellee; appellants paid appellee $10 and moved into the premises a few days before the above-mentioned memorandum was signed, on condition that a written lease for five years would be executed, which lease was to embody the same terms and conditions as the then existing lease held by Jacob Hagel, excepting the appellants were to take care of the heating plant; that on December 28, 1925, about a month after appellants moved in, appellee presented the appellants with a written lease substantially the same as the one held by Jacob Hagel, but appellants refused to sign the lease presented. (It will be noted that the memorandum did not specify the amount of rent to be charged.) The appellee then presented another written lease for six months instead of five years, and appellants refused to sign or accept that lease; that appellants had a lease prepared and presented it to the appellee and she refused to sign it; that negotiations continued, but no rent other than the $10 was ever paid, nor did the appellee demand any rent from appellant; that in February, 1926, appellants moved out of the premises and two days thereafter returned the key to appellee. The appellee testified: "The understanding was that they were to occupy the premises under a written lease that was to be drawn; I only wanted to rent it by a written lease; I wouldn't have rented to them without a written lease; I didn't tell them to move out; I wasn't going to permit them to remain in there without a written lease; they turned the key over to me several days after they had finished moving"; I said: "This is not going to

help you, moving out at night, you have got to pay your rent up just the same"; that appellee was asked the question: "Were you going to permit them to remain in there without a lease?" Answer, "Well, no, I had no intention to put them out"; that appellants offered to pay the appellee rent for the time they occupied the premises, but the appellee refused to accept it; that appellee again says she did not want any money from them until they signed the lease; that, on further examination, appellee testified: "At the time Mrs. Soroka said, 'here are the keys,' I said, 'our attorneys Mr. Troynam and Mr. Lyddick will take care of the rent' and she said 'Yes.'"

The case was tried before a jury, who rendered a judgment against appellants in the sum of $931, upon which verdict, the court rendered judgment, from which this appeal is prosecuted.

Appellant filed a motion for a new trial on the ground that the verdict of the jury was not sustained by sufficient evidence and was contrary to law.

Appellants entered the premises about one week before December 1, 1925. They abandoned the same February 1, 1926. On March 1, 1926, appellant Mary F. Soroka filed her petition in bankruptcy and was adjudged a bankrupt. On June 17, 1926, appellant William Soroka filed his petition in bankruptcy and was adjudged a bankrupt. Appellee was listed as one of the creditors of appellants and was notified of the pendency of the bankruptcy proceedings.

We need not discuss all the questions raised by the parties in regard to when and under what circumstances rents may or may not be provable claims in a bankruptcy proceeding. It is sufficient to say that the rent which has accrued and is owing at the time of the filing of the petition in bankruptcy is a provable debt and is dischargeable. *In re Sherwoods*

(1913), 210 Fed. 754, Ann. Cas. 1916A 940; *In re Scruggs* (1913), 205 Fed. 673; *In re Arnstein* (1899), 101 Fed. 706; *In re Mitchell* (1902), 116 Fed. 87; *In re Collignon* (1900), 4 Am. Bankr. Rep. 250; Bankruptcy Act 1898, §63a (1), 11 USCA §103 (a) 1; *McCann* v. *Evans* (1911), 185 Fed. 93.

At common law, where one enters upon land by permission of the owner under a void parol contract or under a void lease, or pending unexecuted negotiations for a written lease, he is either a tenant at will or a tenant at sufferance; in some jurisdictions, the court holds it to be a tenancy at will others say a tenancy at sufferance. *Carteri* v. *Roberts* (1903), 140 Cal. 164, 73 Pac. 819; *Dunne* v. *Trustees of Schools* (1864), 39 Ill. 578; *Grant* v. *White* (1868), 42 Mo. 285; *Hilsendegen* v. *Scheich* (1885), 55 Mich. 468, 21 N. W. 897; *Jennings* v. *McComb* (1886), 112 Pa. St. 518, 4 Atl. 812; *Harris* v. *Frink* (1872), 49 N. Y. 24, 10 Am. Rep. 318; *Markowitz* v. *Davidson* (1921), 228 S. W. (Tex. Civ. App.) 968; *Weed* v. *Lindsay* (1891), 88 Ga. 686, 15 S. E. 836; *Hegan* v. *Johnson* (1809), 2 Taunt. (Eng.) 148; *Anderson* v. *Prindle* (1840), 23 Wend. (N. Y.) 616.

The mere permission to use land without any provision for rent could, at most, amount to a tenancy by sufferance, if, indeed, it could amount to that, and where one in possession repudiates the relation of tenant to his landlord, no notice to quit is necessary. *Cargar* v. *Fee* (1894), 140 Ind. 572, 580, 39 N. E. 93; *Eberwine* v. *Cook* (1881), 74 Ind. 377; *Coomler* v. *Hefner* (1882), 86 Ind. 108.

The contract of lease that was to be entered into between the parties being one that could not be performed within one year, and being for a lease for a term of more than three years, must, in order to be binding, be in writing. §8045 Burns 1926.

If, when appellee tendered to appellants a lease that she claimed was, in form and substance, the lease that was agreed to be signed, she should have demanded it be accepted and should have elected to stand on her rights under it; this she did not do, but prepared another one specifying a term of six months, which appellants refused to sign and accept. Then, when the appellants vacated the premises and tendered her the rent for the time they occupied the premises, she refused to accept the same and waited until the end of one year and brought this action upon the theory that the appellants were tenants from year to year.

An instrument or contract will be construed a lease or only an agreement for a lease according to what appears to have been the paramount intention of the parties as such intent may be collected from the whole tenor and effect of the instrument. Taylor, Landlord and Tenant §38; 1 Washburn, Real Property 301; *Lyon* v. *Cunningham* (1884), 136 Mass. 532.

The facts of this case show that the relation of landlord and tenant never existed between appellants and appellee. The minds of the parties never met upon a contract of lease. Appellants moved in by permission of appellee on condition that they would sign a written lease; on refusal to sign, appellants, having no interest in appellee's premises, moved off. Appellee says, "I wasn't going to permit them to remain in there without a written lease."

The memorandum signed by the parties was either a lease for five years or nothing but a contract for lease. If it was a lease for five years and appellant abandoned it, and if appellee had the right to lease the premises as she did, then we have a condition where appellee gained instead of lost, for the facts show that, after appellants

vacated the premises, appellee re-rented the premises at a higher rent than she was to have received from appellants.

Appellee might have had a claim against appellants for the use and occupancy of her premises for the time appellants occupied the same and no more, but this was a provable claim against them in bankruptcy, which claim is discharged by a bankruptcy proceeding. Therefore, a judgment against appellants in any amount in this action would be erroneous.

Judgment reversed.

McMahan, C. J., not participating.