INTER-SOUTHERN LIFE INSURANCE COMPANY OF LOUISVILLE, KÉNTUCKY, *v.* BOWYER, ADMINISTRATOR.

[No. 13,837. Filed December 12, 1929.]

*Woodward, Hamilton & Hobson* and *Stotsenburg, Weathers & Minton,* for appellant.

*H. W. Phipps* and *James W. Sweeney,* for appellee.

REMY, C. J.—Appellant insurance company, hereinafter referred to as "the company," issued to Claude T.

Bowyer an accident policy, by the terms of which it insured Bowyer against "death or disability resulting directly, independently and exclusively of all other causes from bodily injuries effected solely through external, violent and accidental means and sustained by the insured . . . by the wrecking or disablement of any automobile or motor driven car . . . in which the insured is riding or driving, or by being accidentally thrown from such wrecked or disabled automobile or vehicle." Thereafter, while the policy was in force, the insured, as an employee of the United States government, was engaged with others in the delivery of parcel post in the city of Jeffersonville. The vehicle used in making the deliveries was a motor truck operated at the time by a co-employee. The truck had a tail gate, which was so arranged that, by the use of a supporting chain, it could be put in position level with the floor of the truck and so held. The tail gate was so adjusted at the time in question, and insured and two other employees, who were assisting in making the deliveries, were riding seated upon the tail gate. While so riding, the chain which held the tail gate in position broke, by reason of which insured was thrown to the pavement, and so injured that he died the same day.

The company denied liability on the policy, and appellee, as administrator of the estate of insured, began this action on the policy. A demurrer to the complaint for want of facts having been overruled, the cause was put at issue by answer in denial.

On the trial, the evidence, without conflict, established the above facts, and there was a verdict and judgment for appellee for the full amount of the indemnity fixed by the policy. This appeal followed, and the rulings of the court on the demurrer and in denying motion for new trial are assigned as errors in this court. The only question for determination is whether the death of

Bowyer, conceded to have been accidental, is covered by the policy. The question involves the construction of the policy, particularly the construction to be placed upon the words "disablement" and "disabled" as the same are used in the insuring clause. No one is contending that the motor truck was wrecked. The question, therefore, comes to this: Was the insured killed as a result of being thrown from a "disabled" motor vehicle?

Appellant, in discussing the question in its brief, makes little, if any, distinction between the words "wrecking" and "disabled," as the same are used in the policy, the contention being that the meaning of the words is such that to entitle the insured to recover for injuries sustained while riding in a motor vehicle, the vehicle must have been destroyed, or so damaged as to render it incapable of proper or effective action. We do not concur in that view. It seems clear that the words "wrecking" and "disablement" in the insuring clause, separated as they are by the disjunctive, were not intended as synonymous terms; likewise, the words "wrecked" and "disabled" were not intended by the parties to have the same meaning. If not, then the "disablement" of an automobile would not mean as great damage or impairment, as would the "wrecking" of an automobile; also, that the word "disabled" was intended to signify an impairment less in degree than that conveyed by the word "wrecked." The definition of the verb "disable" contended for by appellant, to wit, "to render incapable of proper action," is one of the meanings given in the Standard Dictionary, but not the only one; that authority also gives "to impair," as another meaning. From the wording of the policy, we cannot know with certainty the shade of meaning intended by the parties. To be sure, the breaking donw of the tail gate did not render the truck incapable of

action or use; it was, however, an impairment of the truck, such impairment as caused insured to be thrown to the pavement and killed. The use of the tail gate as a seat by the insured was, as shown by the evidence, to facilitate his work in making delivery of parcel post; it was the usual and customary way. The case is much the same as if the insured, while riding as a passenger in the truck, had been thrown to the pavement by the sudden collapse of the seat occupied by him.

Clearly, the language of the policy is ambiguous. It need not have been so. With fewer words, the meaning now contended for by the company could have been made definite and certain.

Construing the policy liberally in favor of the insured, as the law requires, we are constrained to hold that the accidental death of the insured was the result of his being thrown from a "disabled automobile," within the meaning of that term as used in the insuring clause of the policy, and that appellee is entitled to recover.

Affirmed.