UNITED STATES FIRE INSURANCE COMPANY OF NEW YORK *v.* BANKS OF WABASH, INCORPORATED.

[No. 14,277. Filed April 23, 1932. Rehearing denied October 7, 1932.]

*Slaymaker, Merrell & Locke* and *A. J. Veneman,* for appellant.

*James T. Walker, Henry B. Walker* and *Alvin F. Sutheimer,* for appellee.

CURTIS, J.—This action was commenced in the Vanderburgh Superior Court by the appellee, Banks of Wabash, Inc., against the appellant, United States Fire Insurance Company, of New York, to recover upon a policy of fire, lightning, and tornado insurance, commonly spoken of as a combined policy, executed by the appellant to the appellee.

The complaint was in one paragraph to which appellant filed a demurrer. Appellee then filed a copy of the policy, as an exhibit, to its complaint. Appellant then filed an amended demurrer for want of facts, with

a memorandum in support thereof. This amended demurrer was overruled and an exception taken, after which the appellant filed answer in two paragraphs, the first being a general denial and the second setting up an alleged exception in the policy. The appellee filed a demurrer to the appellant's second paragraph of answer for want of sufficient facts with a memorandum in support of said demurrer. The court sustained said demurrer, to which ruling the appellant excepted.

The cause was tried before the court without a jury. There was a general finding and a judgment for the appellee. The appellant filed a motion for a new trial, which was overruled and an exception taken, and this appeal prayed and perfected.

The errors assigned and relied upon for reversal are: (1) The court below erred in overruling the demurrer of the said appellant to the complaint of the appellee herein. (2) The court below erred in overruling the amended demurrer of the said appellant to the complaint of the appellee herein. (3) The court below erred in overruling the demurrer to the complaint of the appellee herein, which said demurrer was filed on, to wit, the 23d day of November, 1929. (4) The court below erred in sustaining the demurrer of appellee to the second paragraph of answer of the appellant to the complaint of the appellee herein. (5) The court below erred in overruling the motion of the appellant for a new trial of said cause.

The motion for a new trial is as follows: (1) The decision of the court is contrary to law. (2) The decision of the court is not sustained by sufficient evidence. (3) The decision of the court is not sustained by sufficient evidence and is contrary to law. (4) There is error in the assessment of the amount of recovery, in this, that the amount is too large.

In the appellant's brief there is this statement: "We

group our points under all assigned errors because each assignment presents identical questions." This plan was also followed by the appellee in its brief and this court will also adopt the same plan in consideration of the alleged errors.

The evidence closely followed the complaint and was by stipulation, which is as follows: "That the appellant on February 25, 1929, executed and delivered, and received the premium therein provided, policy numbered GC-150098, and also on the dates therein set forth, executed and made a part of said policy certain riders, said policy and riders thereunto attached being the policy sued on containing the Lightning and Electrical Apparatus Clause A, hereinbefore referred to; that appellee is the successor and assignee of the original beneficiary of said policy and is the same corporation as that named in the endorsement hereinbefore set out; that appellee is the owner and operator and was such owner and operator of Station WBOW on the 12th day of June, 1929, and as such owner and operator had title to the equipment listed in its complaint; that all the property mentioned in the complaint for the loss of and damage to which appellee sues was on June 12, 1929, and at all times radio apparatus and other like electrical appliances, all constituting part and parcel of a radio broadcasting station operated by appellee, and on June 12, 1929, said property was rendered of no value by reason of electrical injury to said radio apparatus and other like electrical appliances, which electrical injury resulted from lightning, and that no fire ensued upon, attended or preceded said electrical injury; that appellee was damaged in the sum of $471.95; that appellee gave notice of the damage in the manner provided and within the time specified in the policy to the appellant; that the appellant denied liability on said policy on July 22, 1929; that appellee is a corporation duly

organized under and by virtue of the laws of the State of Indiana and that appellant is a corporation duly organized to do a fire insurance business and authorized to do business in the State of Indiana; that on the evidence hereinabove set out the parties hereto submit this cause for trial, finding and judgment to the court without intervention of a jury." The "Lightning and Electrical Apparatus Clause A," mentioned in the stipulation, is as follows:

"Lightning and Electrical Apparatus Clause A. (This clause void when attached to tornado policy.) 1. Except as hereinafter provided, this policy also covers direct loss or damage to the property described in this policy caused by lightning (meaning thereby the commonly accepted use of the term 'lightning' and in no case to include loss or damage caused by cyclone, tornado or windstorm), whether fire ensues or not.

"If dynamos, exciters, lamps, motors, switches, electric automobiles, radio apparatus, or other electric appliances or devices are covered under this policy, this company shall not be liable for any electrical injury or disturbance to the said electrical appliances or devices, whether from artificial or natural causes, unless fire ensues, but if fire does ensue then, in consideration of the rate of premium at which this policy is written, this company shall be liable for its proportion of loss or damage caused by such ensuing fire."

The complaint describes the property of the appellee covered by the policy and says that said property was struck by a lightning bolt and that the antenna and counterpoise systems were destroyed, the transmitter demolished, and the motor generators supplying power to the transmitter burned out. The property destroyed and injured was itemized in the complaint and the loss to each was set forth totaling $471.95. It is not contended by the appellee that the loss occurred by fire or

by tornado, but that it occurred by lightning alone unaccompanied by fire. If, therefore, the Lightning and Electrical Apparatus Clause A, which was attached as a rider to the Policy of Insurance sued upon, was not void, then there could be no recovery and the judgment would have to be reversed for the reason that said clause provided that the insurance company would not be "liable" for any electrical injury or disturbance to the said electrical appliances or devices, whether from artificial or natural causes, unless fire ensues." But it is contended by the appellee that said clause is void by its own terms when it is attached to a tornado policy and that the policy to which it is attached in the instant case is a tornado policy.

It must be conceded by all that the policy sued upon is a combined policy of fire, lightning, and tornado. In the body of the policy in the instant case lightning as a peril is insured against. The clause in question, which was attached to the policy by endorsement or rider, constituted an exception, exempting the company from payment of the appellee's loss, if said clause is valid when attached to the kind of policy sued upon herein. A determination, therefore, of the question as to whether said clause, when attached to the kind of policy sued upon in this case, is valid or void will be determinative of this appeal.

At the outset it is to be borne in mind that there is no question made as to the validity of the clause in question, save and except that the clause itself says that, "This clause void when attached to tornado policy." It is also to be remembered that the loss for which suit was brought is in no way related to a loss by tornado. The query at once arises as to why the clause in question was attached to the policy by the contracting parties if, as contended for by the appellee, it was void by its own terms when attached to that kind

of a policy. But appellee says that a contract of insurance prepared by an insurance company will be construed liberally as against the insured, and strictly as against the company. We believe the correct rule was stated in the case of *Pacific Mutual Life Insurance Company of California* v. *Alsop* (1922), 191 Ind. 638, 134 N. E. 290, as follows: "The established rule is that an insurance policy prepared by the insurer, the form of which the insured cannot control nor alter, which may not even be seen by the insured until it is delivered to him in final consummation of the contract of insurance, shall not receive a strained construction as against the insured, but that doubts as to its construction arising from contradictory provisions or ambiguous expressions which it may contain are to be resolved against the company that issued it." See also *Maxwell* v. *Springfield Fire & Marine Insurance Company* (1920), 73 Ind. App. 251, 125 N. E. 645. But the clause or rider in question was plainly visible when attached to the policy and we cannot say that its plain and positive provisions for exemption, which are not in any sense obscure or ambiguous, were or could be subject to the construction asked for by the appellee. We presume that the appellee could not contend that the language of exemption contained in the clause could be given any construction that would permit a recovery in the instant case by the appellee, but that the only contention by the appellee is that the clause is void by its own terms when attached to the particular kind of policy sued upon. It seems to us that the real question for determination is not so much a question as to any interpretation or construction that shall be placed upon the language or terms of the contract, but that it is rather a question as to what the parties must have had in mind in attaching the clause or rider in question to the policy. We cannot perceive how

the whole contract can be so construed as to make the clause in question void when considered in connection with the fire contract of the policy. If the loss had occurred in connection with the tornado contract of the policy another question would be presented.

It becomes apparent that the complaint does not state a cause of action against the appellant, and that the court erred in each of its rulings upon the demurrers and that the judgment should be reversed with instructions to sustain the motion for a new trial and to rule upon the demurrers in accordance with this opinion. Judgment reversed with instructions as stated above.