FEDERAL LIFE INSURANCE COMPANY *v.* BOLINGER.

[No. 14,677. Filed January 22, 1935. Rehearing denied April 1, 1935.]

*White & Haymond,* for appellant.

*Nichols & Nichols,* for appellee.

CURTIS, J.—The appellee commenced this action against the appellant upon an insurance policy issued to him by the appellant. The material provisions of the policy insofar as they relate to this case are as follows: "Federal Life Insurance Company hereby insures Merle Bolinger hereafter called the insured, against accidental

death, dismemberment, or disability resulting within sixty (60) days from the date of the accident, directly and independently of all other causes from bodily injuries sustained through external, violent and accidental means, for the amounts and in the manner set forth in Parts I, II, III, IV and VI, subject to the provisions, conditions and limitations contained in this policy.

"Part III. Automobile and specified farm machinery accidents.

(a) For loss of life, both hands or both feet, sight of both eyes, or one hand and one foot, sight of one eye and one hand, or the sight of one eye and one foot, sustained by the wrecking or disablement of any horse-drawn or motor-driven car or motorcycle, in which the insured is riding or driving or by being accidentally thrown therefrom, including accidents causing death or disability sustained under the conditions specified in this part while using or operating farm wagons, mowers, binders, plows, and other farm machinery, which is motor-driven or horse-drawn, the company will pay the sum of $2000.00.

(b) For loss of either hand or foot or sight of one eye, sustained as the result of accident specified in paragraph (a) of this Part, the company will pay the sum of $800.00.

"Part VI. Weekly indemnity for total loss of time if the insured shall be immediately and wholly disabled by the means and under the conditions as set forth under Parts I, II, III, IV, and V and be prevented by injury from performing any and every duty pertaining to his or her usual occupation, the company will pay for such loss, for a period not exceeding thirteen consecutive weeks, accident indemnity as follows: Under Part I, $25.00 weekly; Under Part II, $15.00 weekly; Under Part III, $10.00 weekly; Under Part IV, $7.00

weekly; Under Part V, $5.00 weekly. This policy is issued in consideration of the payment of the policy fee of One Dollar ($1.00) and the first year's premium of One Dollar ($1.00) in advance." The appellant also sets out the following which it contends is a part of the policy to-wit: "This policy provides indemnity for loss of life, limb, limbs, sight, or time, caused by accidental means to the extent herein limited and provided." The appellee contends that the sentence last above quoted is found on the back of the policy and is entirely outside of it and is no part of the insurance contract. As we view the disputed sentence it is not of controlling influence whether it is or is not a part of the contract as will be hereinafter demonstrated. We will first take up other questions.

The complaint was in three paragraphs, the first being based upon clause or provision (a) of Part III of the policy above set out, the second paragraph being based upon clause (b) of Part III above set out, and the third paragraph was based upon the weekly indemnity part of the insurance contract to-wit Part VI heretofore set out.

The injury arose out of one accident. Paragraph one of the complaint alleged in substance that on January 29, 1930, appellant insured appellee for a period of twelve months from January 29, 1930, beginning at the noon hour standard time, against accidental death, dismemberment, or disability, directly or independently from all other causes, from bodily injuries suffered through external, violent, and accidental means, by being accidentally thrown from any motor-driven car in which the insured was riding, or disability sustained while using or operating farm machinery, which is motor-driven, and promised, in the event of such injury under such conditions, appellant would pay to appellee the sum of $2000.00.

That on October 23, 1930, and while said policy was in full force and effect, appellee was engaged in the business of farming to-wit: of husking corn, and for that purpose he was riding upon a motor-driven machine, commonly called a tractor, and used by appellee in the general operation of his farm; that at the time and for the purpose of husking the corn, he had attached to said tractor a corn picker, or husking machine, which was also motor-driven and which received its motor power from said tractor; that said corn picker or husker, for the purpose aforesaid, was attached to the side of the tractor, and gathered the rows of corn next to the side thereof; that while so operating, said picker became clogged because of a break in its machinery. That for the purpose of relieving it, and freeing it from the clogged cornstalks, appellee leaned over from the seat on which he was riding on the tractor and was accidentally thrown therefrom and into said corn husker, and as he so fell, and while in the act of accidentally falling from said tractor as aforesaid, he was caught in the rollers of said corn husker and thereby greatly injured in this, to-wit: that his right forearm was caught in the rollers of said corn husker and the extensor muscles on the upper side of the arm were ground and mashed off to a point about one inch below the elbow, and the muscles on the under side of the forearm were mashed and ground off to a point about two inches below the elbow, and as a result of said injuries the muscles and ligaments of the right forearm sloughed off; that parts of the bone of the forearm had to be removed; that for the purposes of receiving proper treatment, he was taken to the hospital where, because of his disability, he was confined many weeks and is now permanently disabled; that within ten days thereafter appellee notified appellant of his injury aforesaid, and of the manner in

which the same was suffered, but appellant then and there and in writing denied all liability under the provisions of the policy and appellant has still failed and refused to pay to appellee any amount because of its liability aforesaid; that there has been long and unreasonable delay in the payment of the amount due, and appellee is entitled to six per cent interest thereon from the date of such accident. There is a prayer for judgment of $2000.00 and six per cent interest thereon from October 23, 1930. Attached to and made a part of the first paragraph of the complaint as exhibits are copies of clauses (a) and (b) of the policy above set out. To this paragraph of the complaint the appellant addressed a demurrer containing four specifications in the memorandum. Only the first of these specifications need be considered. It is as follows: "1. In his first paragraph of complaint plaintiff apparently attempts to state a cause of action under clause (a) of Part III of the insurance policy sued on and seeks damages thereunder in the sum of Two Thousand ($2000.00) Dollars. This clause provides indemnity for (a) loss of life, both hands or both feet, sight of both eyes, or one hand and one foot, sight of one eye and one hand or sight of one eye and one foot sustained by the wrecking or disablement of any horse-drawn or motor-driven car or motorcycle in which the insured is riding or driving or by being accidentally thrown therefrom, including accidents causing death or disability sustained under the conditions specified in this part while using or operating farm wagons, mowers, binders, plows or other farm machinery which is motor-driven or horse-drawn. Plaintiff's first paragraph of complaint apparently assumes that said provisions insure against any disability whereas said provisions insure only against the specified injuries named therein and no other provision of the policy covers the injuries alleged in this para-

graph." The appellant's said demurrer to the first paragraph of the complaint was sustained, to which ruling of the court the appellee excepted and this ruling of the court is assigned by the appellee as cross-error.

The second paragraph of the complaint contained practically the same allegations as to the accident as the first paragraph, and relied upon said clause (b) of Part III of the policy which provides for payment of the sum of $800.00 for the loss of either hand or foot or sight of one eye sustained under the provisions of the policy. The policy was made a part of the paragraph by proper exhibit. The prayer was for $800.00 together with interest from October 23, 1930. To this paragraph of the complaint the appellant filed a demurrer. This demurrer was overruled with an exception. Under the heading of errors relied upon for reversal the appellant says that the court erred in the ruling on said demurrer for the following reasons (which summarize the grounds in the memorandum) to-wit: "(a) Said paragraph of complaint does not show that the injury complained of was sustained as a direct and proximate result of the wrecking or disablement of any motor-driven vehicle, or by being accidentally thrown therefrom, or by the wrecking or disablement of any farm machinery or by being accidentally thrown therefrom." The above ruling of the court is assigned as an error by the appellant.

The third paragraph of complaint also contained practically the same allegations as to the accident as the first and second paragraphs and relied upon that part of the policy which provides for a weekly indemnity of not to exceed 13 weeks at $10.00 per week if the insured should be immediately and wholly disabled under the conditions of the policy and be prevented by such injury from performing any and every duty pertaining to his usual occupation. The policy was made a

part of this paragraph by a proper exhibit. The prayer was for $130.00 together with interest from January 19, 1931. The appellant filed a demurrer to this paragraph which was overruled with an exception. Under the heading of errors relied upon for reversal the appellant says that the court erred in the ruling on said demurrer for the following reasons (which summarize the grounds in the memorandum) to-wit: "(a) Said paragraph of complaint does not show that the injury complained of was sustained as a direct and proximate result of the wrecking or disablement of any motor-driven vehicle, or by being accidentally thrown therefrom, or by the wrecking or disablement of any farm machinery or by being accidentally thrown therefrom. (b) The appellee in his third paragraph of complaint, intends to state a cause of action based upon a liability of appellant for weekly indemnity for loss of time under Part VI of the policy sued on, but the provisions of the policy do not cover loss of time where indemnity for injuries is also claimed." This ruling of the court is also assigned as an error by the appellant.

After the above rulings the appellant filed an answer in general denial to each of the second and third paragraphs of the complaint. Upon the issues thus made the cause was submitted to a jury for trial resulting in a verdict for the appellee in the sum of $995.66, upon which judgment was rendered. The appellant seasonably filed a motion for a new trial which was overruled with an exception and this appeal prayed and perfected. The ruling on the motion for a new trial is one of the errors assigned and relied upon by the appellant for reversal. There are eleven causes or grounds of the motion which may be summarized as follows: The verdict is not sustained by sufficient evidence and contrary to law; error in the assessment of the amount of the recovery; error in not directing a verdict for the appel-

lant upon each of the second and third paragraphs of the complaint; error in refusing to give each of instructions numbered 1, 2, and 3 tendered by the appellant; and error in giving each of instructions number 1 to 13, inclusive, given on the court's own motion.

The appellee has made a timely assignment of cross-error based upon the ruling of the court upon the demurrer to the first paragraph of complaint as heretofore mentioned and properly presents said ruling for review.

Clause (a) of Part III of the policy in suit, which we have heretofore set out, is plain and unambiguous. It is the basis for the first paragraph of the complaint. The injuries to be compensated therein are: (1) loss of life; (2) both hands; (3) both feet; (4) sight of both eyes; (5) one hand and one foot; (6) sight of one eye and one hand; (7) sight one eye and one foot. The injury described in the first paragraph of the complaint is for "right forearm and hand." Clearly this is not one of the injuries covered by said clause (a) Part III of the policy, irrespective of how the injury may have occurred. The first paragraph of the complaint upon its face clearly shows that the injury described therein was not covered by said clause (a) Part III. There was no error in the ruling sustaining the demurrer to the first paragraph of the complaint.

Clause (b) Part III of the policy sued upon, which we have heretofore set out, clearly covers the loss described in the second paragraph of the complaint, to-wit: The loss of either hand, provided the loss was sustained as the result of an accident as specified in said clause (a) of Part III as provided in the policy. The substance of the demurrer addressed thereto has been heretofore set out. We think the allegations of the said paragraph of complaint

bring it within the policy provisions. There was no error in the ruling on the demurrer filed thereto.

The third paragraph of the complaint is founded upon Part VI of the policy provisions as above set out. The substance of the demurrer thereto is found in an earlier part of this opinion. We think that the allegations of this paragraph bring it within the policy provisions and that there was no error in the ruling as to the demurrer addressed thereto.

The court overruled the appellant's motions for an instructed verdict on each paragraph of the complaint, also refused the request of the appellee to give each of its tendered instructions numbered 1 to 8, and refused the request of the appellant to give each of its tendered instructions numbered 1 to 3, and gave on its own motion instructions numbered 1 to 13. The appellant has undertaken to present error as to two of the instructions given by the court on its own motion. The appellee has pointed out that none of these instructions are shown by the record to have been authenticated by the signature of the judge and that they are therefore not in the record. The appellee is correct in his contention and no error with reference to said two instructions is presented to this court for review. See: Section 586 Burns 1926, §2-2010, Burns 1933, §243 Baldwin's 1934; *Glasser* v. *Jones* (1918), 68 Ind. App. 192, 120 N. E. 44; *Tell City Canning Co.* v. *Wilbur* (1910), 46 Ind. App. 550, 93 N. E. 174; *Indiana Quarries Co.* v. *Lavender* (1917), 64 Ind. App. 415, 114 N. E. 417, 116 N. E. 2; *Pennsylvania R. Co.* v. *Hemmer* (1934), 206 Ind. 311, 186 N. E. 285, 189 N. E. 137.

Under the causes in the motion for a new trial that the verdict of the jury is not sustained by sufficient evidence and is contrary to law the appellant presents for our determination practically the same law questions as were raised in the assigned errors as to the rulings on

the demurrers to the second and third paragraphs of the complaint and practically the same law questions as are presented in the rulings on its said motions for a directed verdict, and in addition thereto presents the additional questions as to whether there is any material evidence or legitimate inferences that may be drawn from such evidence to sustain the verdict and whether or not the verdict is contrary to law.

Referring again to the disputed clause heretofore set out, it is the contention of the appellant that said clause is a part of the policy and that since the word "or" is used in the clause in question before the word "time" the appellee is limited either to loss of life, limb, limbs, and sight as one alternative or to "time" lost by reason of the accident as the other alternative, and that a recovery cannot be had for both. We do not so construe the policy. If it may be said that there is any ambiguity in the policy contract in the respect under consideration such ambiguity will be resolved in favor of the insured. It is a familiar rule in the construction of insurance policies that where they are ambiguous or require interpretation or are reasonably susceptible of two different constructions so that reasonably informed men on reading them would honestly differ as to their meaning the courts will adopt that construction which is most favorable to the insured. See, *Masonic Accident Insurance Company* v. *Jackson* (1929), 200 Ind. 472, 164 N. E. 628; *United States Fire Insurance Co.* v. *Banks of Wabash, Inc.* (1932), 95 Ind. App. 100, 180 N. E. 765 and cases cited therein.

In discussing the cause or ground of the motion for a new trial that there is error in the assessment of the amount of recovery the appellant has limited itself to the proposition that there cannot be a recovery on both the second and third paragraphs of the complaint.

No other contention as to the amount of the recovery is presented. There is no merit in this contention of the appellant.

The evidence fully sustains the material allegations of the complaint and is ample to sustain the verdict. See, *Inter-Southern Life Insurance Co.* v. *Bowyer* (1929), 90 Ind. App. 494, 169 N. E. 65.

We have found no reversible error. Judgment affirmed.