BROWDER *v.* ARSENAL BUILDING AND LOAN ASSOCIATION.
[No. 16,737. Filed January 21, 1942.]

*Joseph K. Brown* and *Will H. Porter,* both of Indi-
anapolis, for appellant.

*Russell Willson, Harold W. Jones,* and *C. Larry Willson,* all of Indianapolis, for appellee.

STEVENSON, J.—This action was brought against the appellant to recover the possession of certain real estate. To this complaint, an answer in general denial was filed, and the case was submitted to a jury for trial. The jury returned a verdict for the appellee, and judgment was entered upon the verdict. A motion for new trial was filed and overruled, and this appeal has been perfected.

The error assigned on appeal is the alleged error in overruling the appellant's motion for a new trial. Under this assignment of error, the appellant contends that the verdict of the jury is not sustained by sufficient evidence, for the reason that there is no showing that the relationship of landlord and tenant existed between the appellant and appellee at the time of the filing of this action.

There is evidence in the record from which the jury might reasonably infer that the appellant has occupied the real estate in question since February, 1938 as a tenant of the appellee, under an obligation on his part to pay a monthly rental of $12.00. There is further evidence to the effect that only $61.00 was paid the appellee by the appellant in 1938, and $72.00 in 1939, and that the appellant's payments were far in arrears.

The appellant contends that he was in possession of the real estate described under a contract to purchase. He denies that he was a tenant of the appellee; yet, appellant insists that he was entitled to be served with a notice to quit before the appellee can maintain this action. It has been held by this court that "where one in possession repudiates the relation of tenant to his landlord, no notice to quit is necessary." *Soroka* v. *Knott* (1930), 90 Ind. App. 649, 653, 168 N.

E. 703. Since the appellant denies that the relation of landlord and tenant existed between him and appellee, he cannot now insist that he was entitled to a notice to quit.

The appellant further complains of the instructions given by the court on its own motion. The record discloses that these instructions were never signed ■ by the judge who tried the case. Since these instructions have not been authenticated by the signature of the judge, and since they are not brought in by a bill of exceptions, they are, therefore, not properly in the record. Since this is true, no question is presented to this court for review with reference to such instructions. *Federal Life Ins. Co.* v. *Bolinger* (1935), 100 Ind. App. 222, 193 N. E. 681; *Pennsylvania R. R. Co.* v. *Hemmer, Admx.* (1934), 206 Ind. 311, 186 N. E. 285.

The appellant further complains of the refusal of the court to give appellant's tendered instructions Nos. 3 and 4. Since the instructions given by the court, ■■ on its own motion, are not properly in the record, we cannot consider any alleged error in the refusal of appellant's tendered instructions Nos. 3 and 4. If the appellant predicates error upon the refusal of tendered instructions, the burden is upon him to bring into the record all instructions given by the court before his alleged error in the refusal of instructions can be considered. *Wood* v. *Chicago & E. R. Co.* (1939), 215 Ind. 467, 18 N. E. (2d) 772.

The appellant further complains of the alleged error in sustaining objections to certain offered testimony. The motion for a new trial does not disclose the ■ questions and the objections addressed thereto, and the answers elicited thereby, nor the substance thereof. Neither does the record disclose that

any offer to prove was made after the objection to the question was interposed. No question is accordingly presented to this court as to the correctness of the trial court's ruling. *Cadick Milling Co.* v. *Valdosta Grocery Co.* (1920), 72 Ind. App. 534, 126 N. E. 240; *State Storage, Inc.,* v. *Scheper* (1932), 95 Ind. App. 157, 181 N. E. 385.

The appellant in this case has failed to disclose any reversible error appearing in the record of the proceedings.

The judgment of the trial court is hereby affirmed.

Judgment Affirmed.

NOTE.—Reported in 38 N. E. (2d) 867.