# Federal Union Life Insurance Co. of Cincinnati, Ohio, v. Richey's Administratrix.

(Decided Oct. 12, 1934.)

(As Modified on Denial of Rehearing Nov. 23, 1934.)

CARY TABB for appellant.

S. A. ANDERSON for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

From a judgment for $2,750 recovered against it upon an accident insurance policy, the company appeals.

About 7:30 a. m. Monday, May 19, 1933, while John J. Richey, Jr., was riding to his work on a Ford truck, a Studebaker sedan collided with this truck by striking the truck in the left side near the rear of the left front fender, as a result of which the left side of the truck was so lifted as to raise its left wheels about eighteen inches from the ground. Richey was thereby thrown off the truck and sustained injuries from which he died two days thereafter.

Richey had then a policy of insurance that had been issued by appellant insuring him for $2,750 against death resulting, directly, independently, and exclusively of all other causes from bodily injuries effected solely through external, violent, and accidental means and sustained by the insured in the wrecking or disablement of any automobile in which the insured is riding or driving or by being accidentally thrown from such wrecked or disabled automobile.

All of the foregoing facts are undisputed and it is further admitted the only damage sustained by the Ford truck in this collision is a slight dent or bending of the left front fender; that the truck was not otherwise in-

jured; that it was thereafter used and operated as usual; that it had not been repaired and was being so used and operated on November 28, 1933, when this case was tried.

At the conclusion of the evidence, each side asked for a directed verdict. The court directed a verdict for the plaintiff, and it is of that alone the appellant complains.

Was this truck wrecked or disabled?

We are cited to various dictionaries defining these two words and to the following cases: Inter-Southern Life Insurance Co. v. Foster, 248 Ky. 481, 58 S. W. (2d) 668; Monroe's Adm'r v. Federal Union Life Insurance Co., 251 Ky. 570, 65 S. W. (2d) 680; Lutz's Adm'r v. Inter-Southern Life Insurance Co., 236 Ky. 340, 33 S. W. (2d) 20, 22; Wright v. Continental Life Insurance Co., 146 Wash. 665, 264 P. 410; Houlihan v. Preferred Accident Insurance Co., 196 N. Y. 337, 89 N. E. 927, 25 L. R. A. (N. S.) 1261.

None of these throws much light on our question except the Lutz Case, wherein the words involved were "wrecking or disablement," and in that opinion the court said:

"The use of the word 'disablement' in the policy, as descriptive of the character of accident intended to be embraced therein, was no doubt for the purpose of providing indemnity for an injury to an inmate of an automobile in a catastrophe the consequences of which did not completely wreck the automobile, but only injured it to the extent of disabling some parts of it, and which consequences were short of and less comprehensive than a wrecking of it."

That opinion was written December 5, 1930, and the policy sued on was written July 1, 1931. The insurance company knew, when it wrote this policy, the definition we had given of these words. No one contends this truck was wrecked and the insurance company contends it was not even disabled, but we cannot uphold its contention.

There are degrees of disability, it may be partial or total, it may be temporary or of probably longer duration. In one of the authorities cited to us by the appellant (New Standard Dictionary, Funk & Wagnalls,

1932) among other definitions given of the word "disable," we find this: "To take away the ability of; to render incapable of proper and effective action."

The proper action of an automobile requires that all four of its wheels remain upon the ground or pavement on which it is then standing or running. This accident rendered this automobile momentarily incapable of proper action. Whatever else may or may not amount to a disablement, the facts proven in this case certainly did so.

The insurance company admits the death of Richey was caused by an external, violent, and accidental means, but insists it was not caused by one of the means against which it had insured him.

There were seven men riding in and on this truck at the time of this accident. Two were riding in the cab. They were not thrown out or injured. Five were riding upon boards placed across the bed of the truck and, of these, Richey and three others were thrown out. The insurance company contends that Richey, when seated on one of these boards, was riding on and not in the truck as stated in the policy. This accident is much like the one which was involved in the case of Inter-Southern Life Insurance Co. v. Bowyer, 90 Ind. App. 494, 169 N. E. 65, 66. In that accident three men were riding on the tailgate of a truck, when the chain that supported the tailgate broke, and Bowyer was thrown to the street and killed. That truck was otherwise uninjured. It was there contended the truck was not disabled and that Bowyer was not riding in the truck, but that case was decided in favor of Bowyer, and in the opinion the court said:

"Clearly the language of the policy is ambiguous. It need not have been so. With fewer words, the meaning now contended for by the company could have been made definite and certain."

All ambiguous words in this policy must be construed in favor of the insured. See 1 C. J., p. 414, sec. 38, and American Acc. Co. v. Reigart, 94 Ky. 547, 23 S. W. 191, 15 Ky. Law Rep. 469, 21 L. R. A. 651, 42 Am. St. Rep. 374.

When so construed, Richey's death comes within its coverage.

Judgment affirmed.