FRANK BOMMARITO, Respondent, *v.* NORTH AMERICAN ACCIDENT
INSURANCE COMPANY, Appellant.

Fourth Department, May 5, 1937.

*Saul H. Alderman,* for the appellant.

*Salvador J. Capecelatro,* for the respondent.

CUNNINGHAM, J. The judgment appealed from awards to the plaintiff the sum of $500, the amount specified in the policy of insurance for the loss of an arm.

The defendant insured the plaintiff against disability resulting from bodily injuries sustained in the manner following: " by the wrecking or disablement of a private automobile or private motor driven truck, not used for commercial hauling or transporting passengers for hire, within which the insured is riding or driving, or by being accidentally thrown from such automobile or motor driven truck."

The plaintiff was the owner of a motor-driven truck. This truck, loaded with wood, had been standing out in the field for some time and the plaintiff drove it up to the rear of a woodshed. He jacked the rear end of the truck about three inches from the ground and put a wood block under it. A short distance from the rear of the

truck the plaintiff placed a small portable buzz saw resting on its own metallic stand, which buzz saw was connected by a leather belt to the right rear wheel of the truck. The plaintiff climbed upon the pile of wood loaded on the truck and tried to place the wood in a better position. While he was doing this the truck moved from the block used to jack it up and moved ahead about four or five feet. Plaintiff was thrown onto the belt and came in contact with the buzz saw and his left arm was injured so that it had to be amputated.

The question arises as to whether there is any liability for this accident under the policy issued by defendant. The plaintiff was insured against disability arising from bodily injuries " by the wrecking or disablement of a private automobile or private motor driven truck, not used for commercial hauling or transporting passengers for hire, within which the insured is riding or driving, or by being accidentally thrown from such automobile or motor driven truck." The words " within which the insured is riding or driving " relate to the private automobile or private motor-driven truck previously mentioned, and are a part of the description of the private automobile or private motor-driven truck previously mentioned. If that be so, the phrase immediately following in the same sentence " or by being accidentally thrown from *such* automobile or motor driven truck " must relate to the motor-driven truck within which the insured is riding or driving; otherwise the word " such " is meaningless. Therefore, it becomes necessary to determine whether the insured was riding in a motor-driven truck at the time of the accident.

The word " ride," used as an intransitive verb, means " to be carried * * * in any kind of vehicle or carriage." (54 C. J. 806.)

The accident happened when the motor truck slipped off the block upon which the rear end was resting. At that time the plaintiff was not being carried or conveyed in a vehicle or truck. The truck at that time was not in any position to be used as a means of conveyance. The rear wheels were off the ground and the plaintiff was not using it as a means of conveyance. Furthermore, the truck at the time of the accident was no longer a truck. It was being used as a piece of machinery to operate a buzz saw and not as a means of conveyance.

The words used in the insurance policy show that it was the intention of the insurer that liability should result only when the truck was being used as a means of conveyance in which the insured was riding. The plaintiff at the time of the accident was not riding in any vehicle, and the piece of machinery from which he was thrown

was not at the time of the accident a truck within the meaning of those terms as used in the policy of insurance. Consequently, the judgment and order appealed from should be reversed upon the law, with costs, and the complaint dismissed, with costs.

All concur, except LEWIS, J., who dissents and votes for affirmance. Present — SEARS, P. J., EDGCOMB, CROSBY, LEWIS and CUNNINGHAM, JJ.

Judgment and order reversed on the law, with costs, and complaint dismissed, with costs.