## Independence Ins. Co. v. Jeffries' Adm'r.

June 15, 1943.

J. Ballard Clark and John Marshall, Jr., for appellant.

J. A. Hall, Jr., for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Paul D. Jeffries was killed in an automobile accident in November, 1941. At the time of his death an accident insurance policy issued to him November 4, 1927, by the Inter-Southern Life Insurance Company was in force. The Independence Insurance Company had taken over the policy and assumed liability thereon. The policy was issued to Jeffries through and for a newspaper, one of the conditions being that he should continue as a regular home served reader of the newspaper by authorized carrier or mail during the life of the policy, and in-

sured him against accidental death or disability sustained "by the wrecking or disablement of any automobile or motor Driven Car (Motorcycles and Railway Cars excepted) or Horse-Drawn Vehicle not Plying for Hire in which the insured is riding or driving or by being accidentally thrown from wrecked or disabled automobile or vehicle."

The insured was employed by Warren Bros. Road Construction Company on U. S. Highway 42 in Jefferson county. Two additional travel lanes were being constructed on the north side of the highway. The concrete work had been completed, but the two lanes had not been opened to the traveling public. One of the insured's duties was to place flares along the new concrete lanes for the purpose of warning automobile drivers on the road, and in performing this duty he used his automobile. The flares were round metal pots filled with oil and equipped with wicks, and were carried in the trunk at the rear of the automobile. On the day the accident happened the insured's 16-year old son, Warren Jeffries, assisted him and drove the car while the insured placed the flares along the road. When they had almost finished placing the flares on the road it was discovered that smoke and flames were coming from the rear of the car. They tried to extinguish the flames but were unable to do so. The car was only a short distance from the supply station where water was available, and they decided to drive to the station or camp and try to extinguish the fire there. Warren Jeffries drove the car, which was a Chevrolet sedan, and insured stood on the running board. While traveling to the supply station flames came up from behind the seat of the car and Warren Jeffries, the driver, was burned about his head and neck. The insured called to his son not to hit a car parked on the side of the road, and the son testified that he applied the brakes, one of the rear wheels grabbed, and the car swerved abruptly to the left out of control. As the car swerved the insured fell to the concrete road, struck the bumper of the parked car, and sustained injuries from which he died. Warren Jeffries jumped from the car which continued down the road, crossed to the left, ran into the ditch and burned. The insurer introduced no evidence at the trial and, after its motion for a directed verdict in its favor made at the conclusion of plaintiff's evidence had been overruled, the case was submitted to the court and judgment was rendered in favor of the plaintiff for $3,750,

the face amount of the policy. The defendant has appealed and insists that the accident was not covered by the policy, and that judgment should have gone in its favor.

It is argued that the decedent was not riding in the automobile as provided by the policy, and the fact that he was riding on the running board outside of the car does not bring him within the terms of the policy. It is conceded that there is no Kentucky case directly in point and we find no decisions of this court that involve the exact question before us, but appellant cites and relies upon a number of cases from foreign jurisdictions which it is claimed support its contention. An examination of these cases discloses, however, that none of them is on all fours with the case before us. Several of them deal with a policy provision similar to the provision found in the policy carried by the decedent, but where the accident occurred when the insured was riding on a motorcycle. The cases holding that such a provision in a policy does not cover accidents suffered by policyholders while riding on a motorcycle assign as the reason for the decision the fact that a motorcycle is not known as a "motor-driven car" in the general and popular sense of that term although in some of the cases the use of the word "in" instead of "on" in the policy is stressed. In Perry v. North American Accident Insurance Company, 104 N. J. L. 117, 138 A. 894, cited by appellant, the court dealt with a case where the insured was killed by being thrown from a motorcycle on which he was riding. Although saying that the use of the preposition "in," in the clause of the policy reading "any private horse-drawn vehicle, or motor-driven car in which insured is riding or driving," was significant, the court based its decision that a motorcycle was excluded from the provisions of the policy on the ground that the use of the phrase "motor-driven car" immediately after the phrase "horse-drawn vehicle" indicated a purpose to exclude a motorcycle which is a vehicle and not a car. There is authority, however, for the view that a motorcycle is within the contemplation of a provision of an accident policy covering loss of life caused by the wrecking or disablement of a "motor-driven car" in which the insured was riding. Annotation 70 A. L. R. 1253. Other cases cited by appellant dealt with the question whether the insured was "in" a public or passenger conveyance within the meaning of the provision in an accident policy and held that an

insured who fell or was thrown from the platform of a railroad car was not protected, but here, also, there is authority to the contrary. Annotation 36 A. L. R. 816. Appellant cites New Amsterdam Casualty Company v. Rust, 164 Tenn. 22, 46 S. W. (2d) 70, 72, where the insured fell from the running board of an automobile, but the language used in the policy was "actually riding in an automobile" and the court stressed the use of the word "actually." In Reynolds v. National Casualty Company, 231 Mo. App. 453, 101 S. W. (2d) 515, also cited by appellant, it was held that the insured, who was standing on the running board of an automobile and was injured when it collided with another automobile, could not recover, but the pertinent provision of the policy read:

> "By the wrecking of any private pleasure type automobile or horse-drawn vehicle within which the insured is driving or riding as a passenger (excluding motorcycles and farm machinery), or while so driving or riding, by being accidentally thrown from within such wrecked automobile or vehicle * * *."

It was held that the insured was not riding "within" the automobile, and the case was distinguished from Stewart v. North American Accident Insurance Company, Mo. App., 33 S. W. (2d) 1005, 1006, where the policy insured against accidental death by wrecking of the automobile "in which the insured is riding." In the Steware case it was held that the death of the insured by falling from the running board of the automobile on which he was riding was covered by the policy. The court said:

> "While defendant's argument is predicated almost wholly upon the theory of increased risk, the idea being that the policy was never intended to cover an accident unless the insured was at the time within the automobile or inclosed by the space devoted to or set apart for the use of persons or passengers, yet it is obvious that the policy itself provided no such limitation, unless it be that the use of the single preposition 'in' necessarily carried that implication. The policy might very well have included a positive and unequivocal condition against riding in forbidden places, plainly exempting from its scope and coverage all accidents resulting from breaches thereof, and it might have been the part of prudence for the company to have

694

drawn the contract in that fashion, but nevertheless the fact remains that it did not do so, unless, as we have already indicated, the use of the preposition 'in' conclusively permits of no other interpretation.

"Now it would be folly to say that 'in' and 'on' have exactly the same meaning under any and all circumstances, and yet, when reference is made in ordinary conversation to the location of persons under facts similar to those involved in the case at bar, the two prepositions are often used interchangeably. One might say that he came either 'in a train' or 'on a train,' without intending in any wise to indicate by either form of expression the particular place in the train that he occupied. Similarly, if the insured had been so fortunate as to have reached his destination, and some one had asked him how he came, he would doubtless have answered that he came 'in an automobile,' without intending in any way to conceal the fact that he rode on the running board rather than in the seat. That in ordinary acceptation the preposition 'in' is interchangeable with 'on,' when used in the sense of the illustrations we have given, has been pointedly recognized and held in this state."

In the Reynolds case the court, in distinguishing it from the Stewart case, said:

"We distinguish the case at bar from Stewart v. North American Acc. Ins. Co., Mo. App., 33 S. W. (2d) 1005, in that the word within was not involved therein and in that the coverage clause therein has not such expressed limitations as are found in this case. In other words, in that case we are in harmony with the opinion to the effect that the word 'in' in the context used can be reasonably interpreted to mean 'on,' but conclude that the word 'within' as used in the context of the contract before us cannot be interpreted to mean 'without.' "

In Sizemore v. National Casualty Company, 108 W. Va. 550, 151 S. E. 841, also cited by appellant, the insured voluntarily stepped or jumped from an automobile while it was moving and was killed. It was held that his death was not the result of "being accidentally thrown from such vehicle or car."

We find two cases from courts of last resort involving the exact question before us, and both held that the insurer was liable under its policy. In Guaranty Trust Company v. Continental Insurance Company, 159 Wash. 683, 294 P. 585, the insurance company issued a policy to one Osborne Briscoe which insured him against death "by the wrecking or disablement of any private automobile, motor driven car or horse-drawn vehicle, in which the insured is riding or driving, or by being accidentally thrown from such automobile, car or vehicle." The policy, like the one here, was issued in conjunction with a magazine for a nominal consideration paid by the insured, and one of the conditions was that the insured should continue in effect his subscription to the magazine. Briscoe, while riding on the running board of a motor truck, fell or was thrown backwards and was run over by the rear wheel of the truck and killed. The court held the insurer liable and, in the course of the opinion, said:

> "Respondent also attaches some importance to the fact that since Briscoe was riding on the running board and not inside of the truck, he was not within the terms of the policy.

> "It could not be successfully contended that had Briscoe been seated inside the truck and, when Campbell started to stop it to let him get out, had Briscoe then stepped out on the running board and immediately been thrown to the ground and killed, or so incapacitated that the truck instantly ran over him and killed him, that he would not have been within the terms of the policy.

> "We are not seriously impressed with so technical a contention. Again the principle should apply that if two or more constructions can be placed upon a single word such as 'in,' that construction should be adopted most favorable to the insured. The word 'in' is ordinarily accepted and used as an equivalent to the word 'on.' "

To the same effect is Reynolds v. Life & Casualty Company of Tennessee, 166 S. C. 214, 164 S. E. 602.

It is a well-settled rule in this jurisdiction that the terms and provisions of insurance policies which are prepared by the insurer are to be construed most strongly against it. Ransdell v. North American Accident In-

surance Company, 275 Ky. 507, 122 S. W. (2d) 114; Republic Life & Accident Insurance Company v. Hatcher, 244 Ky. 574, 51 S. W. (2d) 922; Life & Casualty Insurance Company of Tennessee v. Metcalf, 240 Ky. 628, 42 S. W. (2d) 909. In the light of this rule we think that a flexible and not a rigid meaning should be attached to the words "automobile or motor-driven car in which the insured is riding" and "by being accidentally thrown from wrecked or disabled automobile or vehicle." The insurance company prepares its policies in advance and policyholders take them exactly as they have been prepared. It is not unreasonable to require the insurance company to limit liability, if it so desires, by clear and unambiguous language. Appellant suggests that the proof is not sufficient to show that the insured was accidentally thrown from the car. It is said it is probable he voluntarily jumped from the car. There is no merit in the contention. The testimony of the two eye-witnesses shows that he was thrown from the car when it swerved abruptly to the left.

Judgment affirmed.