INTER OCEAN INSURANCE Co., and TENNESSEE STATE ASSOCIATION, INC. d/b/a NATIONAL AUTOMOBILE ASSOCIATION.

*v.*

ROBERT NORRIS.

(*Knoxville*, September Term, 1958.)

Opinion filed June 5, 1959.

KEFAUVER, DUGGAN & MILLER, Chattanooga, for appellants.

TRIBELL & TRIBELL, Middlesboro, for appellee.

Mr. Justice Prewitt delivered the opinion of the Court.

This case was tried below on stipulation of facts and the Circuit Judge gave judgment in favor of Robert Norris, the holder of an insurance policy in question in the sum of $625. The Insurance Company has appealed in error here.

The interpretation of two words in this disability insurance policy are the questions before the Court for determination. These two words are "in" and "immediately" as used in the policy.

Was the injury suffered by appellee received under such circumstances as to come within that part of the policy which covers injuries received "while driving or riding in an automobile or truck"?

Was appellee injured totally and "immediately" within the terms of the policy?

There seems to be no question about the injury of appellee.

It appears that on February 29, 1956, at a time when the policy was in full force and effect, appellee was employed as a truck driver by Silver Fleet Trucking Company, and was enroute from Cincinnati, Ohio to Chattanooga, Tennessee. While so enroute he stopped at Peggy

Ann's Truck Stop at Rockwood, Tennessee. He alighted from the truck, started into the cafe and then noticed that his truck was moving. In an effort to prevent an accident, appellee jumped onto the running board of the truck, reached inside the cab and applied the brakes by means of a hand control. Upon the brakes being applied the vehicle came to a sudden stop and appellee was jerked from the running board to the ground causing injury to his back. He finished his run to Chattanooga and drove back to Cincinnati where he reported the injury to his manager, who referred him to a doctor. Appellee was disabled for a period of five months and was confined to a hospital several days.

As before stated if there is any liability under the policy the amount is not questioned.

The appellant here relies chiefly on our case of *New Amsterdam Casualty Co. v. Rust,* 164 Tenn. 22, 23, 46 S.W.2d 70, in which it was held that a policy of accident insurance which provides for indemnity if the insured be injured *"while actually* riding in a private automobile" does not cover an insured who was fatally injured while riding on the running board of an automobile.

It will be observed in the case just cited the Court makes the observation that the considerations therein must be confined to the facts of that particular case.

Counsel for appellee relies upon six cases where provisions have come up for interpretation: (1) *Independence Ins. Company v. Jeffries' Adm'r.,* 294 Ky. 690, 172 S.W.2d 566; (2) *Stewart v. North American Accident Ins. Co.,* Mo.App., 33 S.W.2d 1005; (3) *Guaranty Trust Co. v. Continental Life Ins. Co.,* 159 Wash. 683, 294 P. 585; (4)

*Life & Casualty Co. of Tenn. v. Yarbrough,* 53 Ga.App. 458, 186 S.E. 434; (5) *Reynolds v. Life and Casualty Co. of Tenn.,* 166 S.C. 214, 164 S.E. 602; and (6) *Fomby v. World Ins. Co. of Omaha,* D.C. Ark., 115 F.Supp. 913.

It will be observed that in the present case the policy provides for payment where the injuries received were *while driving* or riding in an automobile or truck, while in *New Amsterdam Casualty Co. v. Rust,* supra, the provisions involved were "while actually riding in a private automobile."

We think the provisions in this policy are much broader than in the last cited case.

We are of the opinion that the appellee was driving his truck within the meaning of the policy sued on in the present case. The facts are that he had just applied his brakes, left the car for the moment and turned to see it rolling down hill. He immediately got on the running board and worked the mechanism of the car on the inside to apply the brakes and the truck stopped suddenly causing the appellee to fall on his back and causing the injury complained of.

We think the acts of the insured amounted to a driving of the truck.

This being our view of the case we find no error in the judgment of the lower court and it is affirmed.