OKLAHOMA STATE AND EDUCATION
EMPLOYEES GROUP INSURANCE
BOARD, Appellant,

v.

William H. FULLERTON, Appellee.

No. 79248.

Court of Appeals of Oklahoma,
Division No. 3.

March 30, 1993.

Gary R. Goff, Oklahoma City, for appellant.

Sam C. Fullerton, IV, Tulsa, for appellee.

### OPINION

HANSEN, Chief Judge:

Appellee, William H. Fullerton, was a full time student dependent under the Oklahoma State and Education Employees Group Insurance Program health plan when, on June 7, 1988, he suffered a paralyzing spinal injury in a motorcycle accident. He was forced to withdraw from college as a result of his injuries. In January of 1989, Appellant, Oklahoma State and Education Employees Group Insurance Board, (Board) notified Fullerton he was eligible to continue his current state group health insurance pursuant to COBRA[1] because he was no longer covered as a dependent under the State Insurance Plan.

Fullerton took out the COBRA coverage and requested from Appellant a decision as to continuing coverage up to the maximum benefits allowed. Appellant took the position it would deny any charges incurred after Fullerton's expiration date of coverage including expenses arising out of the June 7, 1988 injury.

Under Appellant's position, without CObra, Fullerton's right to benefits terminated in December of 1988, only seven months after the accident.

---

1. COBRA, federal legislation, provides coverage for 36 months after an insured is no longer eligible for benefits from the State Insurance. The parties agree that the coverage would be for a subsequent illness or injury suffered during those 36 months. Because the State Insurance Administrator denied coverage after Fullerton was no longer a full time student, he was obliged to seek COBRA coverage for the continuing medical needs arising from the injury.

Fullerton requested a hearing before Appellant's Grievance Panel to challenge the prospective denial of further benefits. The Panel entered Findings of Fact and Conclusions of Law, in essence holding Fullerton was covered, in that his entitlement to benefits accrued on the day of the accident. Thus, he was entitled to medical benefits resulting from that accident to the maximum amount allowed by the policy.

Appellant filed a Petition for Judicial Review on November 16, 1990. Prior to submission of briefs in the action, Appellant amended its rules in an attempt to provide that Fullerton would not be entitled to benefits for expenses incurred after expiration of COBRA. The trial court ruled it would not consider arguments based on the new rule which was not in effect at the time of the Panel's decision. It affirmed the decision of the Grievance Panel.

Appellant filed its Petition in Error preserving two issues for review in its brief. It argues the new Rule 203.32 has the force and effect of law and should be applied to all claims for medical treatment arising after passage of the rule. The rule states: "(t)here is no coverage for payment of expenses for hospitalization or other medical coverage furnished to the insured or dependent after eligibility has terminated."

■ Fullerton's rights under the Insurance Plan vested upon the occurrence of his injury and cannot be retroactively modified. In *Christian v. Metropolitan Life Insurance Company,* 566 P.2d 445 (Okla.1977), the Supreme Court held that modification of a policy of insurance may not deprive a beneficiary of vested rights. "Rights of parties become fixed at time liability attaches under an insurance policy." As in *Christian,* the attempt to make the rule modification retroactive fails and cannot affect the rights of Fullerton which had already vested.

■ Appellant's second proposition of error attempts to distinguish coverage for medical care from coverage for accidents. However, it points to no language in the policy to support such an assertion. Nothing in the policy limits payment to expenses arising from the covered injury incurred before the coverage terminates. The major medical benefit provision of a lifetime maximum of $250,000.00 does not set a time frame within which the maximum benefits will be paid. Neither does it state that those benefits cease when coverage terminates.

■ Appellant points to no Oklahoma decision addressing this question, and we find none. Other jurisdictions have clearly held if an insurer desires to limit its liability under a policy, it should employ language which clearly and distinctly communicates to the insured the nature of the limitation. In *Sparks v. Republic National Life Insurance Company,* 132 Ariz. 529, 647 P.2d 1127 (1982), the plaintiffs were involved in an airplane accident and severely injured while insured with the defendant. Later, the defendant canceled the plaintiffs' insurance and refused to pay for further medical treatment for injuries arising out of the accident. The defendant argued under the provisions of the policy, when insurance coverage was terminated, the defendant was no longer obligated to pay for any medical expenses for an injury or illness which occurred while the insurance was in effect. Because the Court concluded the policy was ambiguous and failed to communicate this limitation urged by the defendant, it held the plaintiffs were entitled to continuing benefits arising from the injuries sustained in the airplane accident.

Likewise, in *Wardlow v. Kalispell General Hospital,* 164 Mont. 59, 518 P.2d 1164 (1974), a contract of insurance was silent as to when the right to receive benefits vested. There were no specific conditions concerning the termination of benefits once vested under the contract. The contract did not distinguish between health coverage and accident coverage. The Court reversed summary judgment in favor of the hospital, holding there existed a factual issue—whether the plaintiff's medical expenses were incurred in the continuing course of treatment of an illness contracted during the period the coverage was in force and effect.

In *Fields v. Blue Shield of California,* 163 Cal.App.3d 570, 209 Cal.Rptr. 781 (1985), the Court found a group policy ambiguous, and held the insured's right to benefits for psychiatric treatment vested to the extent of the lifetime maximum benefit in effect when the treatment commenced, despite subsequent modifications. Thus, Blue Shield was obligated to pay for the treatment until the lifetime maximum was reached. Likewise, in *Houghton v. American Guaranty Life Insurance Company,* 692 F.2d 289 (3rd Cir.1982), the federal court found no express language which required that the allowable expenses must occur during the term of the policy.

█ Language of an insurance policy will be construed most strongly against the insurer. *Central National Insurance Company of Omaha v. Campbell.* 488 P.2d 1228 (Okla.1971). In the present situation, liability of the insurer attached at the time Fullerton was injured. Modification of the policy by Appellant after the liability attached may not deprive Fullerton of his rights under the policy.

AFFIRMED.

BAILEY, P.J., and HUNTER, J., concur.